JOSÉ MALDONADO RODRÍGUEZ y OTROS, demandantes y recurrentes, *v.* BANCO CENTRAL CORPORATION, demandado y recurrido.

*Número:* RE-92-547          *Resuelto:* 21 de abril de 1995

*Víctor M. Hernández,* abogado de la parte recurrente; *Agustín Collazo Mojica,* abogado de la parte recurrida.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

I

El 4 de enero de 1984 José Maldonado Rodríguez comenzó a trabajar en el Banco Central Corporation (en adelante Banco), donde se desempeñó como gerente de la sucursal de Ponce hasta que fue despedido el 13 de agosto de 1990.

El 21 de marzo de 1991 Maldonado Rodríguez, su esposa Silvia Colón Hernández y la sociedad legal de gananciales demandaron al Banco alegando que su despido fue por edad, en contravención a la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. secs. 146–151.[1] Además de reclamar los sufrimientos emocionales y las angustias mentales de Maldonado, alegaron que el despido causó daños económicos a la sociedad legal de gananciales consistentes de los ingresos dejados de percibir y lucro cesante.[2]

---

[1] Específicamente señalaron que Maldonado Rodríguez, a la sazón de cuarenta y seis (46) años, fue sustituido por una persona de veintisiete (27) años.

[2] Reclamaron $3,693 de vacaciones; $1,465 de salarios adeudados; $9,509 de indemnización por despido injustificado a tenor con la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185a-185l; $27,790 en daños por concepto de ingresos dejados de percibir; $531,572 de lucro cesante hasta cumplidos sus sesenta y cinco años de edad; $50,000 por los sufrimientos y angustias mentales sufridas por el señor Maldonado Rodríguez y $25,000 por los de su esposa, la señora Colón, y $3,770 en concepto de bono.

El Banco negó el despido por razón de edad y adujo afirmativamente, entre otras defensas, que "[e]l Demandante fue despedido mediante justa causa conforme a las disposiciones legales aplicables por no desempeñarse eficientemente como Gerente. El Demandante violó reiteradamente las normas interiores de la Compañía de las cuales recibió copia. El Demandante actuó de una manera que afectaba adversamente el buen y normal funcionamiento de la compañía. El despido del Demandante no fue arbitrario ni caprichoso y la razón estuvo relacionada con el buen y normal funcionamiento de la Compañía". Anejo F, pág. 2. Finalmente el Banco cuestionó la causa de acción de la sociedad legal de gananciales y la de la esposa Colón Hernández, bajo la Ley Núm. 100, *supra*, sosteniendo que la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. secs. 185a-185l), era el único remedio en casos de despido.

Subsiguientemente, el Banco pidió y obtuvo Sentencia Sumaria Parcial desestimatoria contra la señora Colón Hernández y la sociedad legal de gananciales. El Tribunal Superior, Sala de Ponce (Hon. Felipe Ortiz Ortiz, Juez), concluyó que la Ley Núm. 80, *supra*, constituía un *remedio exclusivo* para un empleado despedido injustificadamente y que la Ley Núm. 100, *supra*, no proveía remedio para sus *familiares*. En reconsideración reiteró su dictamen.

A solicitud de los demandantes Maldonado Rodríguez *et. al.*, revisamos.([3])

---

Posteriormente, los demandantes, Maldonado Rodríguez *et al.* redujeron las reclamaciones por el bono y vacaciones. El 18 de diciembre de 1991 el foro de instancia, a solicitud de éstos, ordenó el desistimiento con perjuicio de estas dos (2) reclamaciones.

([3]) Argumenta:

"PRIMERO: Si bajo la Ley Núm. 100 del 30 de junio del 1959 (29 [L.P.R.A]: secs. 146–151) sobre discrimen en el empleo, le son compensables a la sociedad legal de gananciales los daños económicos consistentes en los ingresos dejados de percibir y lucro cesant[e] causados por el despido por razón de edad de uno de los cónyuges que la componen.

"SEGUNDO: Si era desestimable el reclamo de daños económicos por razón de que conforme a la Ley Núm. 100, [*supra*], la sociedad legal de gananciales no tiene derecho a reclamarlos, sin haber dado oportunidad de que el cónyuge despedido por razón de edad los reclamara para sí o para la sociedad.

## II

■ Sabido es que la Ley Núm. 100, *supra*, prohíbe el discrimen por razón de edad, raza, color, religión, sexo, origen social, nacional o condición social en el empleo.[4] 29 L.P.R.A. sec. 146; *Santini Rivera v. Serv Air, Inc.*, 137 D.P.R. 1 (1994); *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486 (1990); *García Pagán v. Shiley Caribbean, etc.* 122 D.P.R. 193 (1988); *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485 (1985); *Ibáñez v. Molinos de P.R., Inc.*, 114 D.P.R. 42, 50 (1983).

■ La compensación que a su amparo se concede incluye, entre otras, *la pérdida económica según los ingresos y beneficios que un demandante dejó de percibir desde la fecha del despido hasta la fecha de la sentencia.*[5] *Odriozola v. S. Cosmetic Dist. Corp.*, supra, págs. 505–506. Dicha compensación por ingresos dejados de percibir es parte

---

"TERCERO: Si bajo la Ley Núm. 100, [*supra*], o el Art. 1802 del Código Civil le son compensables los daños emocionales que sufre un cónyuge a causa del despido por razón de edad del otro cónyuge." Solicitud de revisión, pág. 4.

[4] El patrono que viole sus disposiciones:

"(a) incurrirá en responsabilidad civil

"(1) por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo;

"(2) o por una suma no menor de cien (100) dólares ni mayor de mil (1,000) dólares, a discreción del tribunal, si no se pudieren determinar daños pecuniarios;

"(3) o el doble de la cantidad de los daños ocasionados si ésta fuere inferior a la suma de cien (100) dólares, y

"(b) incurrirá, además, en un delito menos grave y, convicto que fuere, será castigado con multa no menor de cien (100) dólares ni mayor de quinientos (500) dólares, o cárcel por un término no menor de treinta (30) días ni mayor de noventa (90) días, o ambas penas, a discreción del tribunal. ...

"El tribunal en la sentencia que dicte en acciones civiles interpuestas bajo las precedentes disposiciones podrá ordenar al patrono que reponga en su empleo al trabajador y que cese y desista del acto de que se trate." 29 L.P.R.A. sec. 146.

[5] Posteriormente en *García Pagán v. Shiley Caribbean, etc.*, 122 D.P.R. 193 (1988), este Tribunal resolvió que también eran compensables bajo la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. secs. 146–151, los daños emocionales que un despido discriminatorio causaba al empleado. La porción de la compensación concedida a esos efectos no se considera ganancial ya que busca restituir la integridad física de la persona a como era antes de la actuación discriminatoria del patrono. Véanse: *El Día, Inc. v. Tribunal Superior*, 104 D.P.R. 149 (1975); *Robles Ostolaza v. U.P.R.*, 96 D.P.R. 583 (1968).

y goza del mismo carácter de ganancialidad que le hemos adjudicado al lucro cesante.([6]) Y al referirnos al "lucro cesante", lo hemos calificado como "ingresos dejados de percibir". En este sentido la reclamación referente a ingresos dejados de percibir queda inmersa dentro del concepto de "lucro cesante"; *no son susceptibles de ser compensados separadamente.* Siendo los salarios un elemento esencial de la relación obrero-patronal, el lucro cesante está claramente comprendido dentro de los daños incluidos bajo la citada Ley Núm. 100. Vigente un matrimonio, estos ingresos se presumen gananciales. Art. 1307 del Código Civil, 31 L.P.R.A. sec. 3647. Además, son gananciales aquellos bienes "obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos". Art. 1301 del Código Civil, 31 L.P.R.A. sec. 3641(2). Véanse: J.M. Manresa y Navarro, *Comentarios al Código Civil español*, 6ta ed. rev., Madrid, Ed. Reus, 1969, T. IX, págs. 680–681; J.M. Reyes Monterreal, *El régimen legal de gananciales*, Madrid, Ed. Gráficas Menor, 1962, págs. 158–163.

■ Al instar su acción bajo la Ley Núm. 100, *supra* (de carácter especial protector) un empleado casado implícitamente reclama en representación de su sociedad de gananciales las partidas que a ésta corresponden. En este sentido, la comparecencia de la sociedad de gananciales en reclamaciones de esta índole no es imprescindible ni necesaria para que queden compensadas las partidas gananciales. A fin de cuentas, la procedencia del lucro cesante no depende del estado civil del obrero.

De lo contrario, la Ley Núm. 100, *supra*, sólo compensaría por lucro cesante a aquellos obreros solteros. No podemos atribuir esa intención al legislador. La imposición *do-*

---

([6]) Vale recordar que la sociedad legal de gananciales constituye una entidad separada y distinta de los cónyuges que la componen. *Universal Funding Corp. v. Registrador*, 133 D.P.R. 549 (1993); *Cruz Viera v. Registrador*, 118 D.P.R. 911, 914 (1987); *Int'l Charter Mortgage Corp. v. Registrador*, 110 D.P.R. 862 (1981); *García v. Montero Saldaña*, 107 D.P.R. 319 (1978).

*ble* de dicha compensación simplemente es un elemento punitivo contra el patrono para disuadirlo de cometer actos discriminatorios; no desnaturaliza su carácter ganancial.

### III

Por otro lado, no cabe duda que la Ley Núm. 100, *supra*, es una legislación protectora de *empleados* y *solicitantes de empleo*; tiene como propósito eliminar los discrímenes existentes *en la relación obrero-patronal*. Por lo tanto, sólo el empleado puede reclamar por discrimen *bajo esta legislación*.

Sin embargo, a tono con el Art. 1802 del Código Civil, *supra, bajo el supuesto de que la acción por discrimen del recurrente Maldonado Rodríguez prosperara*, no hay razón alguna para no compensar a su esposa Colón Hernández por los daños que dicha conducta le ocasionó.

Reiteradamente hemos reconocido que " 'el concepto de culpa del Art. 1802 es tan infinitamente amplio como cualquier falta de una persona que produce un mal o un daño' ". *Soc. de Gananciales v. El Vocero de P.R.*, 135 D.P.R. 122 (1994); *Bonilla v. Chardón*, 118 D.P.R. 599, 610 (1987); *Colón v. Romero Barceló*, 112 D.P.R. 573, 579 (1982).

En *Santini Rivera v. Serv. Air, Inc.*, supra, pág. 14, resolvimos que "los parientes de un empleado que haya sido víctima de trato discriminatorio por su patrono bajo la Ley Núm. 100, *supra*, tienen una causa de acción propia al amparo del Art. 1802 del Código Civil, *supra*, para obtener indemnización por los daños que ellos mismos hayan sufrido a consecuencia del referido discrimen laboral. En tales circunstancias, se compensarán los daños propios sufridos por los parientes, *una vez quede establecido el trato discriminatorio en cuestión*". (Énfasis suplido.) Citando a *Hernández v. Fournier*, 80 D.P.R. 93, 97 (1957), dijimos que "son compensables no sólo los daños que sufre la víctima o

el perjudicado directamente por un acto culposo o negligente, sino también los daños morales sufridos por 'las personas vinculadas por lazos de parentesco, afecto y cariño' con la víctima o perjudicado. ... Explicamos con gran autoridad en *Hernández v. Fournier*, supra, que el perjuicio material y moral que causa un acto culposo o negligente 'puede refluir *sobre varias personas*. Y en tal caso, cada una de éstas adquiere una *acción independiente* contra el causante ... pues la fuente de la responsabilidad es precisamente el perjuicio particular y personal sufrido por cada uno' de ellos". (Énfasis en el original.) *Santini Rivera v. Serv. Air, Inc.*, supra, pág. 10.

De forma análoga, resolvimos que la esposa de una persona difamada tiene una causa de acción por los daños y angustias mentales que tal acto le ocasionó. Esta reclamación es contingente a la causa de acción por libelo de su cónyuge. *Soc. de Gananciales v. El Vocero de P.R.*, supra.

Al enmarcar esa causa de acción bajo el Art. 1802 del Código Civil, *supra*, dijimos que " '[e]se precepto "... no admite limitación ni excepción de clase alguna; y por consiguiente el causante de un daño debido a culpa o negligencia, sean las que sean sus consecuencias, está obligado a repararlo ...." Borrell, [*op. cit.*, pág.] 169.' " (Énfasis en el original.) *Hernández v. Fournier*, 80 D.P.R. 93, 96–97 (1957), citando a A. Borrell Macia, *Responsabilidades derivadas de la culpa extracontractual civil*, Barcelona, Ed. Bosch, 1942, pág. 169. Véase *Reyes v. Sucn. Sánchez Soto*, 98 D.P.R. 305, 311–312 (1970). "En fin '[e]l concepto de la culpa incluye todo tipo de transgresión humana tanto en el orden legal como en el orden moral'. *Reyes v. Sucn. Sánchez Soto*, supra, pág 313". (Énfasis suplido.) *Soc. de Gananciales v. El Vocero de P.R.*, supra, pág. 134.

Ciertamente los daños sufridos a consecuencia de la actuación patronal discriminatoria caben dentro de la

conducta culposa que el Art. 1802 del Código Civil, *supra,* prohíbe; por ende resolvemos que la esposa e hijos de una persona discriminada que sufren daños y angustias mentales, tanto en su quehacer diario en la sociedad como en su desenvolvimiento familiar, tienen una causa de acción separada y contingente.

*Recapitulando,* la reclamación de Maldonado Rodríguez incluye la compensación concedida bajo la Ley Núm. 100, *supra,* en concepto de ingresos dejados de percibir, pues implícitamente representa la sociedad de gananciales. Además, existe una causa de acción del cónyuge del empleado discriminado bajo el Art. 1802 del Código Civil, *supra, contingente* a la acción del consorte discriminado bajo la Ley Núm. 100, *supra. De probarse sus tres (3) elementos,* se compensarían los daños sufridos por el cónyuge como consecuencia del *discrimen decretado* en acción separada bajo la Ley Núm. 100, *supra.* Esta acción es *contingente* ya que si el empleado no prevalece, su consorte no puede reclamar por un discrimen no probado.

*Se dictará la correspondiente sentencia.*

La Juez Asociada Señora Naveira de Rodón emitió una opinión disidente. El Juez Asociado Señor Rebollo López no intervino.

— O —

Opinión disidente emitida por la Juez Asociada Señora Naveira de Rodón.

Este caso presenta las mismas controversias que estudiamos detenidamente en *Martínez Campos v. Banco de Ponce,* 138 D.P.R. 366 (1995). Basándonos en los fundamentos que expusimos en nuestra opinión disidente en dicho caso, disentimos de la sentencia que emite hoy la mayoría. Para enfatizar, y explicar aún más las razones que nos mueven a disentir, es necesario hacer unas mani-

festaciones sobre el accidentado esquema de reclamaciones que impone el Tribunal en menosprecio de la voluntad legislativa expresada claramente en la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. secs. 146–151 (Ley 100).

## I

*Hechos*

El Sr. José Maldonado Rodríguez trabajó en el Banco Central Corporation (en adelante Banco) desde el 4 de enero de 1984 hasta el 13 de agosto de 1990, fecha en la que fue despedido de su empleo. Al momento de su despido se desempeñaba como gerente de la sucursal de Ponce.

El señor Maldonado Rodríguez, su esposa, la Sra. Silvia Colón Hernández, y la sociedad legal de gananciales compuesta por ambos, demandaron al Banco por razón del despido. Alegaron que éste fue injustificado y discriminatorio por edad. Al momento de su despido, el señor Maldonado Rodríguez tenía cuarenta y seis (46) años de edad y fue sustituido por un empleado de veintisiete (27) años. El señor Maldonado Rodríguez reclamó $9,509 de indemnización por despido injustificado, según provee la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185a-185l (Ley 80). Además, solicitó $3,693 por pago de vacaciones; $1,465.85 de salarios que le adeudaban; $3,570 en concepto de bono, y $50,000 por las angustias mentales que el despido le ocasionó.[1] La sociedad legal de gananciales reclamó compensación por los daños económicos que le causó el despido. A este fin solicitó $27,790 por ingresos dejados de percibir hasta el 12 de marzo de 1991 y no menos de $531,572 de lucro cesante hasta que el de-

---

[1] Por razón de pagos realizados se redujeron las cuantías por vacaciones y bono, y se eliminó la partida de salario. Luego los demandantes solicitaron permiso para desistir de las reclamaciones por concepto de vacaciones y bono. Mediante Sentencia Parcial el tribunal declaró con lugar la moción de desistimiento, con perjuicio.

mandante Maldonado cumpla sesenta y cinco (65) años. La codemandante Colón reclamó $25,000 de indemnización por los sufrimientos y angustias mentales que experimentó por razón del despido de su cónyuge.

El Banco contestó la demanda, alegando que ni la sociedad legal de gananciales ni la codemandante Colón Hernández tenían causa de acción a su favor. Luego de varios incidentes procesales, el demandado presentó moción solicitando sentencia sumaria parcial. Sostuvo que el remedio exclusivo que dispone la citada Ley 80 sólo puede ser reclamado por el empleado despedido. Por lo tanto, ni la esposa de éste ni la sociedad de gananciales compuesta por ambos podían solicitar la indemnización que la ley dispone. Sobre la mencionada Ley 100, esbozó un planteamiento similar. Señaló que el texto de la ley claramente estipula que únicamente el empleado o solicitante de empleo puede instar una reclamación por el remedio que ésta provee. Por tal razón, concluyó que la Ley 100, *supra*, no provee remedios a favor del cónyuge de un empleado despedido o la sociedad de gananciales compuesta por éstos.

Los demandantes presentaron Oposición a la moción solicitando sentencia sumaria. Sostuvieron que los daños económicos que compensa la Ley 100, *supra*, por concepto de ingresos dejados de percibir y lucro cesante pertenecen a la sociedad legal de gananciales del empleado despedido. Por lo tanto, es ésta quien los debe reclamar. En cuanto a la solicitud de indemnización por angustias mentales instada por la codemandante Colón Hernández, argumentaron que ésta procede tanto bajo la Ley 100, *supra*, como bajo el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141. Sobre la Ley 100, *supra*, señalaron que la misma "establece una prohibición [*inter alia*] contra todo patrono que despida a un empleado por razón de edad y le impone la responsabilidad civil por los daños". Anejo H, pág. 2. Indicaron que el despido de un empleado casado afecta a su cónyuge y a la sociedad legal de gananciales que com-

ponen y que, independientemente de que la ley no lo exprese, el derecho del cónyuge y la sociedad está implícito en la violación de la obligación de no discriminar y en la responsabilidad que le impone la Ley 100, *supra*, al patrono de indemnizar los daños que cause por su contravención. Señalaron, además, que aunque no se reconociera derecho alguno al cónyuge bajo la Ley 100, *supra*, éste puede aún reclamar indemnización por vía del Art. 1802 del Código Civil, *supra*, pues éste " 'incluye todo tipo de transgresión humana tanto en el orden legal como en el orden moral' ". Anejo H, pág. 2.

Así las cosas, el tribunal emitió Sentencia Parcial en la que declaró con lugar la solicitud de sentencia sumaria y desestimó las reclamaciones de los codemandantes Colón Hernández y la sociedad legal de gananciales. Declaró que el remedio exclusivo que provee la Ley 80, *supra*, sólo puede ser reclamado por el empleado. En cuanto a la Ley 100, *supra*, dispuso que aunque provee remedios más amplios que la Ley 80, *supra*, para casos de despido discriminatorio, no establece remedio alguno para los familiares del empleado. Señaló que dicha ley debe ser interpretada a la luz de su propósito: que el trabajador pueda reclamar daños, no sus familiares.

Inconformes, los demandantes presentaron ante nos una solicitud de revisión en la que plantearon las controversias siguientes:

> *PRIMERO*: Si bajo la Ley Núm. 100 del 30 de junio de 1959 (29 L.P.R.A. secs. 146–151) sobre discrimen en el empleo, le son compensables a la sociedad legal de gananciales los daños económicos consistentes en los ingresos dejados de percibir y lucro cesant[e] causad[o] por el despido por razón de edad de uno de los cónyuges que la componen.
>
> *SEGUNDO*: Si era desestimable el reclamo de daños económicos por razón de que conforme a la Ley Núm. 100, *supra*, la sociedad legal de gananciales no tiene derecho a reclamarlos, sin haber dado oportunidad de que el cónyuge despedido por razón de edad los reclamara para sí o para la sociedad.

*TERCERO*: Si bajo la Ley Núm. 100, [*supra*], o el Art. 1802 del Código Civil le son compensables los daños emocionales que sufre un cónyuge a causa del despido por razón de edad de[l] otro cónyuge. Solicitud de revisión, pág. 4.

Decidimos revisar y expedimos el recurso.

## II

Discutiremos los primeros dos (2) errores conjuntamente debido a la estrecha relación que hay entre ellos.

El Art. 1 de la Ley 100, *supra*, 29 L.P.R.A. sec. 146, dispone, entre sus remedios, indemnización por daños pecuniarios. Hemos establecido que esta indemnización incluye la pérdida económica, la pérdida de ingresos futuros, o ambos, de los empleados o solicitantes de empleo. *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 504–510 (1985).[2] Esta indemnización se computa a base del ingreso que devengaba el empleado, pero no por esto constituye un sustituto de sueldo o retribución por servicios.

La ley dispone que la indemnización consistirá del doble de los daños ocasionados. A ese fin el tribunal utilizará el ingreso que devengaba el empleado como base para el cómputo de la partida de daños económicos. La cantidad que se determine como daño económico no constituirá la indemnización, sino el doble de ésta. Esta determinación legislativa de que se indemnice por el doble de los daños causados no tiene el propósito de sustituir ingresos provenientes del trabajo como el lucro cesante. *Franco v. Mayagüez Building, Inc.*, 108 D.P.R. 192, 195 (1978). Por el contrario, su intención es servir como medida disuasiva para que los patronos se abstengan de incurrir en actos o prácticas discriminatorias. La indemnización por daños económicos que provee la Ley 100, *supra*, no constituye un sustituto de ingresos provenientes del trabajo. La sociedad legal de ga-

---

[2] La compensación por pérdida de ingresos futuros procede únicamente en aquellas situaciones mencionadas en esta opinión.

nanciales del empleado discriminado no tiene ningún derecho a ésta y carece de capacidad para reclamarla.

El empleado alegadamente discriminado, en este caso el señor Maldonado Rodríguez, es quien tiene derecho a reclamar los daños. Consideramos que el tribunal a quo actuó correctamente al desestimar la reclamación de la sociedad legal de gananciales. Sin embargo, el demandante Colón puede reclamar para sí la indemnización por daños económicos.

## III

Sobre el tercer y último señalamiento de error, recientemente en nuestra Opinión disidente en *Santini Rivera v. Serv Air, Inc.*, 137 D.P.R. 1 (1994), expresamos que el texto de la Ley 100, *supra,* su historial legislativo y nuestra jurisprudencia interpretativa de la ley señalan que los remedios que ésta dispone en su Art. 1, *supra*, son únicamente para personas que se vean perjudicadas en su empleo por las prácticas discriminatorias del patrono. Si el cónyuge del empleado discriminado por razón de edad no ha sufrido este perjuicio, no tiene derecho a remedio alguno bajo la Ley 100, *supra*. Allí también consideramos si los familiares del empleado discriminado podían reclamar compensación por daños emocionales al amparo del Artículo 1802 del Código Civil, *supra*. Al concluir en la negativa, señalamos que el uso supletorio del Código Civil es incompatible con el texto claro y con el propósito de la Ley 100, *supra*. Esto es, la protección exclusiva a empleados y aspirantes a empleo. Sobre el particular indicamos que la Ley 100, *supra*, por sus características y regulación especial para el área laboral repele la aplicación supletoria del Art. 1802, *supra*, según la proponen los recurridos. Concluimos que el cónyuge de un empleado que alega haber sido objeto de discrimen por razón de edad, en violación de la Ley Núm. 100, *supra*, no tiene derecho a reclamar compensación en virtud del

Art. 1802 del Código Civil, *supra*, por los daños que el discrimen alegadamente le ocasionó.

Por los motivos antes expuestos, y los que emitiéramos en nuestras opiniones disidentes en *Santini Rivera v. Serv. Air, Inc.*, supra, y *Martínez Campos v. Banco de Ponce*, supra, confirmaríamos la sentencia emitida por el Tribunal Superior, Sala de Ponce, el 19 de marzo de 1992, la cual desestimó la reclamación de los codemandantes Colón Hernández y la sociedad de gananciales.