José Mauricio Fernández Grullón, etc., demandantes y recurrentes, *v.* Puerto Rico Telephone Co., etc., demandados y recurridos.

Número: RE-94-325        Resuelto: 16 de junio de 1995

*Guillermo Ramos Luiña*, abogado de los recurrentes; *Pedro A. Delgado Hernández, Procurador General, Jacqueline Novas Debien, Subprocuradora General Auxiliar, y Sylvia A.*

*Cancio Bigas, Procuradora General Auxiliar*, abogados del Estado Libre Asociado de Puerto Rico; *Charles De Mier Le Blanc* y *Ruy V. Díaz Díaz*, de *De Corral y De Mier*, abogados de los recurridos.

## SENTENCIA

En este caso revocamos una sentencia parcial mediante la cual se desestimaron las reclamaciones de la sociedad legal de gananciales y de la esposa del codemandante, quien fue alegadamente discriminado en su empleo. En síntesis se alegó que el Sr. Fernández Grullón fue trasladado en su empleo de manera discriminatoria por razón de su nacionalidad.

Aplicando los fundamentos de *Maldonado v. Banco Central Corp.*, 138 D.P.R. 268 (1995), y *Santini Rivera v. Serv Air, Inc.*, 137 D.P.R. 1 (1994), se modifica la sentencia recurrida y se devuelve el caso para la continuación de los procedimientos.

## I

El 22 de mayo de 1990, José Mauricio Fernández Grullón, su esposa María Ortiz Rolón y la sociedad legal de gananciales compuesta por ambos presentaron una demanda contra la Puerto Rico Telephone Co. (en adelante P.R.T.C.), la Communications Specialists Unlimited, Inc. (en adelante Com.Spec.) y otros. En la demanda se alegó que el demandante trabajó en Com.Spec. en 1986 hasta mayo de 1989, cuando fue trasladado forzosamente de Fajardo a Santurce, donde trabaja actualmente. Alegó que el traslado fue discriminatorio por su origen nacional y condición social de dominicano. Com.Spec. se dedica al negocio de instalación de teléfonos, para lo cual es contratada por la P.R.T.C.

Se alegó, además, que por el patrón de discrimen contra

el demandante —lo cual incluye un incidente en el cual éste fue inculpado por varios empleados de la P.R.T.C. del robo de piezas y equipo— la P.R.T.C. le exigió a Com.Spec. el referido traslado del demandante.[1] Como consecuencia del traslado del demandante, se reclamó en la demanda el resarcimiento de la merma en sus ingresos. Se solicitó, además, el doble de los daños alegados bajo la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. secs. 146 *et seq.*) y una causa de acción por libelo y calumnia por el incidente de la imputación de delito.

Posteriormente, mediante una demanda enmendada, se solicitó que el contrato existente entre la P.R.T.C. y Com.Spec. fuese declarado nulo y que se resolviera que la primera era el patrono real del demandante.

Luego de varios trámites procesales, el 25 de octubre de 1993 el tribunal dictó una sentencia parcial mediante la cual aprobó una estipulación de las partes en la que los demandantes desistían voluntariamente de la causa de acción por libelo y calumnia.

A solicitud de la codemandada P.R.T.C. y con la oposición de la parte demandante, el tribunal dictó otra sentencia parcial el 4 de febrero de 1994, en la cual desestimó las acciones incoadas por la Sra. María Ortiz Rolón y la sociedad legal de gananciales constituida por ésta y el Sr. Fernández Grullón.

Inconforme, acude la parte demandante ante nos para señalar que el tribunal erró al:

A. ... determinar que la estipulación de desistimiento voluntario en torno a la reclamación de libelo y calumnia dispuso de otras reclamaciones por daños incoadas en la demanda enmendada.
B. ... desestimar la reclamación ... de la sociedad legal de gananciales por pérdida de ingresos ... bajo la Ley 100 y
C. ... desestimar la reclamación ... de la co-demandante María Ortiz Rolón y negarse a reconocer que ésta podía ejercitar cau-

---

[1] Se alegó en la demanda que por este incidente el demandante nunca fue acusado de delito alguno ni fue objeto de acción disciplinaria alguna.

sas de acción bajo la Constitución y el artículo 1802 del Código Civil independientes a la [causa de acción de] ... su cónyuge bajo la Ley Núm. 100. Solicitud de revisión, pág. 7.

El 2 de septiembre de 1994 le ordenamos a la parte recurrida que mostrara causa por la cual no debíamos revocar la sentencia parcial recurrida. En su comparecencia, el Procurador General, en representación de los codemandados Manuel Díaz, Pedro Rosario y Jesús Santiago (empleados de la P.R.T.C.), *admite* que los primeros dos (2) errores señalados por la parte recurrente fueron cometidos.

La codemandada P.R.T.C., por su parte, sostiene que los errores no fueron cometidos e insiste en que las reclamaciones al amparo del Art. 1802 del Código Civil, 32 L.P.R.A. sec. 5141, fueron objeto de la estipulación en la cual se desistió de la acción por libelo y calumnia. Esta parte alega que sólo subsistió la reclamación del demandante bajo la Ley Núm. 100, *supra*. En ambas comparecencias, tanto el Procurador General como la PRTC alegan que la sociedad legal de gananciales carece de una causa de acción al amparo del Art. 1802 del Código Civil, *supra*, porque se trata de reclamar los salarios dejados de percibir por el empleado, lo cual es el mismo remedio concedido a este codemandante bajo la Ley Núm. 100, *supra*.

En conformidad con *Santini Rivera v. Serv Air, Inc.*, supra, y *Maldonado v. Banco Central Corp.*, supra, resolvemos según lo intimado en nuestra Orden de 2 de septiembre de 1994. Veamos.

## II

Recientemente en *Santini Rivera v. Serv Air, Inc.*, supra, pág. 14, resolvimos que "los parientes de un empleado que haya sido víctima de trato discriminatorio por su patrono bajo la Ley Núm. 100, *supra, tienen una causa de acción propia al amparo del Art. 1802 del Código Civil,*

supra, para obtener una indemnización por los daños que ellos mismos hayan sufrido a consecuencia del referido discrimen laboral". (Énfasis suplido.) Allí indicamos claramente que al dilucidar la situación jurídica del pariente del obrero, es necesario acudir a los principios generales de la responsabilidad extracontractual de acuerdo con el Art. 1802, *supra*, ya que los derechos de los parientes constituyen una normativa independiente a la legislación laboral, que únicamente protege los derechos del empleado. En la citada opinión explicamos todos los fundamentos que sostienen el reconocimiento de esta causa de acción.

Al aplicar la norma antes resumida al caso ante nuestra consideración, es forzoso concluir que el tribunal erró al desestimar sumariamente la reclamación de la esposa del demandante.([2]) Veamos entonces lo relativo a la reclamación de la sociedad legal de gananciales.

## III

Recientemente resolvimos que la compensación que bajo la Ley Núm. 100, *supra*, se concede al empleado u obrero por la pérdida económica según los ingresos y beneficios que dejó de percibir, goza del mismo carácter de ganancialidad que se ha adjudicado al lucro cesante. A su vez, aclaramos que el empleado reclama implícitamente a nombre de la sociedad de gananciales las partidas que le correspondan, lo cual permite así dicha reclamación al amparo de la Ley Núm. 100, *supra*. *Maldonado v. Banco Central Corp.*, supra.

En este caso se alegó en la demanda enmendada, entre otros daños, la merma de ingresos como consecuencia del traslado discriminatorio. Aplicando la norma antes señalada, concluimos que no erró el tribunal de instancia al

---

([2]) De la desestimación por desistimiento surge con claridad que única y exclusivamente fue objeto de la misma la causa de acción por libelo y calumnia. Refiérase a las págs. 59–60 del Apéndice de la solicitud de revisión.

desestimar la reclamación de la sociedad legal de gananciales. Dicha reclamación está incluida implícitamente en la reclamación que el empleado discriminado hizo bajo la Ley Núm. 100, *supra.*

Por los fundamentos antes señalados, *se expide el auto* y *se modifica la sentencia parcial recurrida. Se devuelve el caso para la continuación de los procedimientos conforme con lo aquí resuelto.*

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General. La Juez Asociada Señora Naveira de Rodón disintió con una opinión escrita. El Juez Asociado Señor Rebollo López no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión disidente emitida por la Juez Asociada Señora Naveira de Rodón.

En este caso nos corresponde mantener una firme posición disidente frente a la hoy asumida por nuestro Tribunal, la cual perpetúa las normas establecidas en *Martínez Campos v. Banco de Ponce*, 138 D.P.R. 366 (1995); *Maldonado v. Banco Central Corp.*, 138 D.P.R. 268 (1995), y *Santini Rivera v. Serv Air, Inc.*, 137 D.P.R. 1 (1994).

Las normas establecidas en dichos casos permiten que los parientes de un empleado que ha sufrido un trato discriminatorio, bajo la Ley Núm. 100 de 30 de junio de 1959 (en adelante Ley 100), 29 L.P.R.A. sec. 146 *et seq.*, tengan una causa de acción propia bajo el Art. 1802 del Código Civil, 32 L.P.R.A. sec. 5141, para obtener una indemnización por los daños que ellos hayan sufrido como consecuencia del alegado discrimen. Además, resuelven que la compensación que se concede al empleado por la pérdida

económica por concepto de ingresos y beneficios, al amparo de la Ley 100, goza del mismo carácter de ganancialidad que nuestro Tribunal adjudicó al lucro cesante. Dichas normas desvirtuaron el cuidadoso esquema remedial establecido por la Legislatura en las leyes laborales.[1]

El texto e historial legislativo de la Ley 100 es claro en su propósito de que la protección que provee es dirigida al empleado y aspirante a empleo y, por sus características y regulación especial, repele la aplicación supletoria del Art. 1802, *supra*. Así lo manifestamos en nuestra opinión disidente en *Santini Rivera v. Serv Air, Inc.*, supra.

Por otra parte, según señalamos en *Maldonado v. Banco Central Corp.*, supra, la indemnización por daños económicos que provee la Ley 100 no constituye un sustituto de ingresos del trabajo, como el lucro cesante. La intención del legislador fue crear una medida disuasiva para que los patronos no incurran en actos o en prácticas discriminatorias. La sociedad legal de gananciales del empleado discriminado no tiene derecho a la indemnización y carece de capacidad para reclamarla.

Por los fundamentos señalados, y aquellos que expusimos en nuestras opiniones disidentes en *Santini Rivera v. Serv Air, Inc.*, supra; *Maldonado v. Banco Central Corp.*, supra, y *Martínez Campos v. Banco de Ponce*, supra, confirmaríamos la sentencia parcial recurrida mediante la cual se desestimaron las reclamaciones de la sociedad legal de gananciales y de la esposa del codemandante alegadamente discriminado en el empleo.

---

[1] La mayoría expresa que la compensación que se concede al empleado u obrero por la pérdida económica, según los ingresos y beneficios que dejó de percibir, goza del mismo carácter de ganancialidad que se ha adjudicado al lucro cesante.

Por lo tanto, aparentemente, el Tribunal entiende que la compensación que se concede al empleado por la pérdida económica, no tiene como objetivo el restituir los daños ocasionados al empleado, sino sustituir los ingresos provenientes del trabajo. Quiere decir que dicha partida podría ser tributable, ya que en *Publio Díaz v. E.L.A.*, 106 D.P.R. 854 (1978), dejamos establecido que la indemnización por lucro cesante es un ingreso tributable.