El Juez Asociado Señor Kolthoff Caraballo
emitió la opinión del Tribunal.
En la presente instancia, el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito (Circuito de Ape-laciones) nos certifica esta pregunta:
Cuando la reclamación de un empleado según el Artículo 1802 no procede porque un estatuto federal, específicamente la FMLA, no lo permite, ¿tiene aun así la esposa de ese empleado una causa de acción por daños emocionales al amparo del Ar-tículo 1802, cuando tal remedio no está disponible para el em-pleado, según la ley federal? (Traducción nuestra).(1)
Siendo consistentes con lo que han sido nuestros prece-dentes, contestamos tal interrogante en la negativa.
*254 I
Los hechos de este caso están perfectamente redactados en la Opinión que el Circuito de Apelaciones emitiera, Pagan-Colon v. Walgreens of San Patricio, Inc., 697 F.3d 1 (1er Cir. 2012). Por otro lado, las circunstancias procesales esbozadas en la opinión del Primer Circuito, y que son per-tinentes a la pregunta que se nos certifica, se exponen a continuación.
El Sr. José Pagán Colón y su esposa, la Sra. Ada Renta Bonilla, presentaron una demanda contra Walgreens of San Patricio, Inc. (Walgreens), en la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico (Corte de Distrito) después de que el señor Pagán Colón fue despe-dido de su empleo. En su demanda, el matrimonio presentó varias causas de acción, incluyendo represalias al amparo de la Family and Medical Leave Act, 29 USCA sec. 2601 et seq. (FMLA); despido injustificado, según la Ley Núm. 80 de 30 de mayo de 1976 (29 LPRA secs. 185a-185m), y daños y perjuicios para la señora Renta Bonilla, al amparo de los Arts. 1802 y 1803 del Código Civil de Puerto Rico, 31 LPRA secs. 5141-5142.
En cuanto a estas causas de acción, la Corte de Distrito desestimó mediante sentencia sumaria parcial las causas de acción de los Arts. 1802 y 1803 del Código Civil de Puerto Rico, supra, y los demandantes voluntariamente desistieron de la causa de acción según la Ley Núm. 80.
Celebrado el juicio en su fondo y sometida la prueba, un Jurado falló a favor del señor Pagán Colón y le concedió $100,000 en daños. No obstante, la Corte de Distrito, sua sponte, redujo por remittitur la cantidad otorgada por el jurado a $47,145, para igualar la cantidad con los daños mitigados. La Corte de Distrito también denegó la solicitud del demandante de daños líquidos que concede la See. 2617(A)(II)(iii) de la FMLA, supra.
*255 Apelado el caso por ambas partes, el Circuito de Apela-ciones confirmó la sentencia de la Corte de Distrito en to-das sus partes, excepto que se reservó su determinación con relación a si procedía o no la acción de daños y perjui-cios por daños emocionales según el Art. 1802 del Código Civil de Puerto Rico, supra, que reclama la cónyuge del demandante, la señora Renta Bonilla.
Así, y como adelantamos, el Circuito de Apelaciones nos solicitó que le certificáramos, en síntesis, si en nuestra ju-risdicción es posible que proceda una causa de acción de un familiar por los daños emocionales que provee el Art. 1802 del Código Civil de Puerto Rico, supra, cuando al deman-dante principal no le es posible recibir ese tipo de daños por el estatuto laboral que provee su causa de acción.
Luego de analizar detenidamente los argumentos de ambas partes, estamos listos para fundamentar nuestra contestación en la negativa a esa pregunta.
II
A. Family and Medical Leave Act
 La Family and Medical Leave Act (FMLA) es una legislación del Congreso de Estados Unidos aprobada en 1993. Esta ley federal le garantiza a todo empleado elegi-ble el que pueda ausentarse de su empleo —sin paga— por un periodo de doce semanas en el término de un año, ante una enfermedad grave (serious illness) que no le permita ejercer sus funciones, o para el cuido de un familiar cer-cano que se encuentre enfermo, o por el nacimiento —o adopción— y cuido de un nuevo miembro de la familia. (2) Así, la FMLA le garantiza al empleado la retención de su *256 posición en el empleo, o una posición equivalente, durante ese periodo de doce semanas.(3)
La FMLA también establece que durante este periodo de doce semanas el patrono deberá proveerle al empleado el seguro médico que disfrutaba al momento que se acogió a los beneficios de esta ley.(4) Además, si la condición médica lo requiere, la ausencia por el término de doce semanas puede llevarse a cabo de manera intermitente o a tiempo parcial,(5) y el empleado puede, si así lo desea, acordar con su patrono agotar sus días de vacaciones o enfermedad, recibiendo de esta manera su salario durante las doce semanas que dure su ausencia.
En lo que concierne más directamente al asunto plan-teado, la FMLA prohíbe que un patrono interfiera, res-trinja o niegue el ejercicio de los derechos que esta provee al empleado,(6) y dispone para el resarcimiento de los da-ños sufridos por el empleado, incluyendo los remedios en equidad que sean necesarios si el patrono viola tales derechos.(7) Ahora bien, en torno específicamente a los da-ños que pudieran ser resarcidos al demandante, la See. 2617 de la ley establece, en lo pertinente, lo siguiente:
Any employer who violates section 2615 of this title shall be liable to any eligible employee affected-—
(A) for damages equal to—
(i) the amount of—
(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a *257 case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;
(ii) [...]
(iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; [...](8)
Como claramente surge del texto de esta sección, ade-más de los daños monetarios, el inciso (iii) establece que el empleado pudiera ser compensado por los “daños líquidos” Cliquidated damages) que haya probado.(9) Así, la propia sección establece que de proceder estos “daños líquidos”, estos son fijos y se limitan a la duplicación de los daños monetarios probados que provee el inciso (i) más los inte-reses que provee el inciso (ii).
Es importante resaltar que, con relación a los daños que provee la Sección 2617 de la FMLA, el Tribunal Supremo de Estados Unidos ha señalado que “la FMLA provee una causa de acción limitada: Los daños que se pueden reco-brar son estrictamente definidos y restringidos a las pérdi-das monetarias reales”. (Traducción nuestra). (“[T]he cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses”).(10) De manera que, como bien determinó *258 en este caso la Corte de Distrito y lo confirmó el Circuito de Apelaciones, ciertamente la FMLA no provee para que el exempleado y demandante principal que reclama una causa de acción al amparo de ese estatuto federal, pueda ser compensado por daños y angustias emocionales (emotional distress damages).
B. “García Pagán v. Shiley Caribbean”y casos relacionados
Aunque a menudo se cita —con propiedad— a Santini Rivera v. Serv Air, Inc., 137 DPR 1 (1994), para dilucidar lo referente al derecho de un familiar a reclamar daños emo-cionales por una causa de acción contingente a una ley laboral, lo cierto es que el caso que sirvió de base para la decisión del caso Santini Rivera fue García Pagán v. Shiley Caribbean, etc., 122 DPR 193 (1988).(11)
Fue en García Pagán v. Shiley Caribbean, etc., supra, en el que, en una causa de acción de discrimen por razón de sexo y en el contexto de la Ley de Derechos Civiles de Puerto Rico, 1 LPRA secs. 13-19, por voz del hoy Juez Presidente Señor Hernández Denton, determinamos por primera vez que los daños para el obrero que ha sido discriminado y que establece la Ley Núm. 100 de 30 de junio de 1959(12) (ley antidiscrimen), incluye los daños emocionales que este pueda probar que ha sufrido.(13)
*259 Partiendo de la base de que un obrero que probaba una causa de acción según la Ley Núm. 100, supra, podía incluir daños emocionales como parte de las causas que le proveía esa ley laboral, resolvimos entonces en Santini Rivera v. Serv Air, Inc., supra, que, aunque ciertamente la Ley Núm. 100 no hacía mención de los familiares, por lo que estos no tenían una causa de acción por daños emocio-nales fundamentados en esa ley, eso no implicaba que no la tuvieran según el Art. 1802 del Código Civil de Puerto Rico, supra. (14)
Luego, en Dorante v. Wrangler of P.R., 145 DPR 408 (1998), un caso en el que le reconocimos al empleado codemandante (Dorante) una causa de acción por represalias basada en la Sec. 24 de la Ley Núm. 96 de 26 de junio de 1956(15) (Ley 96), revocamos al Tribunal de Primera Instancia que había desestimado la causa de acción de la esposa del codemandante Dorante fundamentada en el Art. 1802.(16) Así, determinamos, en primer lugar, que sustentado en la See. 24 de la extinta Ley Núm. 96, el codemandante Dorante tenía la oportunidad de reclamar daños por los sufrimientos y las angustias mentales al amparo de esa ley.(17) En segundo lugar, determinamos que fundamentado en lo resuelto en Santini Rivera v. Serv Air, Inc., supra, la esposa codemandante también tenía derecho a probar una causa de acción por sufrimientos y angustias mentales, no bajo la ley laboral, pero sí según el Art. 1802 del Código Civil de Puerto Rico, supra.(18)
C. Porto y Siurano v. Bentley P.R., Inc.
Por otro lado, es menester resaltar lo resuelto por esta *260 Curia en Porto y Siurano v. Bentley P.R., Inc., 132 DPR 331 (1986), particularmente por su ratio decidendi. En Porto y Siurano, fundamentándonos, a su vez, en lo resuelto en Rivera v. Security Nat. Life Ins. Co., 106 DPR 517 (1977), señalamos lo siguiente con relación a la Ley Núm. 80:(19)
En esta jurisdicción la norma general, en relación con la materia en controversia, es a los efectos de que un obrero o trabajador contratado por tiempo indeterminado que es despedido sin justa causa solamente tiene derecho al remedio exclusivo que provee la Ley Núm. 80 de 30 de mayo de 1976. (Enfasis suplido). Porto y Siurano v. Bentley P.R., Inc., supra, pág. 342.
Como vemos, el fundamento o ratio decidendi de esta decisión es que del texto de la Ley Núm. 80 no surge ningún otro remedio que el que claramente dispone la See. 185a de la ley. Así lo destacó el hoy Juez Presidente Señor Hernández Denton, en su opinión de conformidad en Santini Rivera v. Serv Air, Inc., supra, pág. 16, en la que ex-puso el ratio decidendi de Porto Siurano al señalar que “[c]omo regla general, ante una conducta de un patrono, prevista y sancionada por una legislación especial de índole laboral, el empleado sólo tendrá derecho al remedio que dicha ley disponga, sin poder acudir al Art. 1802 del Código Civil”. (Énfasis suplido).
Concluimos, entonces, que al interpretar una ley especial de tipo laboral u obrero-patronal en el contexto del remedio solicitado, este Tribunal ha sido consistente en interpretar de manera restrictiva el estatuto. Esto es, nos he-mos negado a aceptar la tesis de que el legislador dejó abierta la puerta a la utilización de algún otro remedio o causa de acción, provista por alguna ley general.(20)
*261 III
Como esbozamos, en esta jurisdicción nunca hemos reconocido una causa por sufrimientos y angustias mentales fundamentada en el Art. 1802 del Código Civil de Puerto Rico, supra, a un familiar, sin primero determinar que el codemandante principal, id est, el exempleado agraviado, sí puede recibir ese tipo de daños mediante el estatuto laboral que lo cobija. Por eso, tal vez resulte necesario contextualizar lo planteado en Santini Rivera v. Serv Air, Inc., supra, con relación al Art. 1802 de nuestro Código Civil. Y es que, todo el acervo civilista que cobija a ese célebre artículo, y que en Santini Rivera citando a Hernández v. Fournier, 80 DPR 93, 96 (1957), nos sedujo a describir el acto culposo o negligente como “infinitamente abarcador”, se expresó en el contexto de un reconocimiento previo de que el obrero per se gozaba de un remedio en daños emocionales que le proveía la ley especial laboral que lo cobijaba, conforme lo habíamos resuelto en García Pagán v. Shiley Caribbean, etc., supra.
Por otro lado, y como surge claramente del texto del estatuto federal en cuestión, de prevalecer en su causa de acción el obrero agraviado tendría derecho a recibir, como compensación en daños adicionales, una cantidad en liquidated damages que, como señalamos, la propia See. 2617 limita o define como la duplicación de los daños monetarios probados que provee el inciso (i) más los intereses que pro-vee el inciso (ii) de esa sección. Esta cantidad adicional de liquidated damages solo prevalecerá si la Corte de Distrito entiende que el patrono no obró de buena fe al incumplir con la ley.
En The Great Am. Indemnity Co. v. Bloise, 60 DPR 423, 428 (1942), definimos liquidated damages como “el montante de los daños que las partes contratantes, al celebrar el contrato, se comprometen y convienen pagar en el caso *262 de incumplimiento”.(21) Ahora bien, al interpretar un concepto no desconocido en nuestra jurisdicción, pero que se halla en un estatuto federal del cual no existe un equivalente local, debemos, en buena hermenéutica jurídica, “recurrir a los principios ilustrativos [del concepto] que se puedan hallar en la jurisprudencia federal interpretativa [del] estatuto”.(22) Al así hacerlo, encontramos que a nivel apelativo la mayoría de los distintos circuitos han coincidido en que los daños líquidos que otorga la See. 2617(A)(II)(iii) de la FMLA, supra, son del tipo compensatorios y no punitivos, y que no es posible otorgar daños emocionales al amparo de esa sección.(23) Además, y como ya señalamos, el Tribunal Supremo federal ha sido claro al establecer que los daños recobrables al amparo de esta ley son estrictamente definidos y restringidos a las pérdidas monetarias reales del empleado.(24)
De manera que, aunque la concesión de los daños líqui-dos que establece la See. 2617(A)(II)(iii) de la FMLA, supra, depende de una acción intencional en violación a la ley por parte del patrono, estos no se consideran un castigo sino un recobro en compensación de los daños reales (mo-netarios) del empleado. En vista de lo anterior, no vemos espacio para definir los daños líquidos que otorga la FMLA de manera distinta a lo que se ha hecho en la esfera federal, máxime cuando tal definición no conflige necesaria-mente con nuestra concepción local del mismo concepto.
Por otro lado, es pertinente resaltar el hecho de que la *263 FMLA es claramente una ley antirrepresalias.(25) En ese contexto, aunque en Puerto Rico no contamos con un equivalente local a la FMLA, las disposiciones que van dirigidas a prohibir y penalizar la represalia en esa ley deben ser analizadas a la luz de nuestra ley local de represalias, Ley Núm. 115 de 20 de diciembre de 1991,(26) por ser esta-tutos que aunque no son necesariamente equivalentes, sí son análogos en el propósito que persiguen. Siendo así, nó-tese que, distinto a la FMLA, la Ley Núm. 115 que rige en nuestra jurisdicción local sí provee expresamente para que el empleado que ha sufrido el agravio pueda recuperar da-ños por angustias mentales.(27)
Por lo tanto si, contrario a la realidad, el Congreso de Estados Unidos hubiera dispuesto para que la FMLA proveyera ese tipo de daños para el empleado agraviado, y considerando lo resuelto en nuestra jurisdicción en Dorante v. Wrangler of P.R., supra, con toda probabilidad el Circuito de Apelaciones no nos hubiera certificado la inte-rrogante en cuestión y, de haberlo hecho, nuestra contestación hubiera tenido que ser en la afirmativa. Sin embargo, ese no es el caso. Por eso, acceder a lo solicitado por la parte demandante peticionaria sería, por un lado, permitir al amparo de un estatuto federal una causa de acción que nunca hemos permitido en circunstancias similares al amparo de un estatuto laboral local o, en la alternativa, interpretar, contrario a lo resuelto por los tribunales hermanos en la jurisdicción federal —incluyendo el Tribunal Supremo Federal— que la FMLA sí concede daños emocionales al codemandante principal, ampliando por fíat judicial *264 el alcance de una ley federal. Ninguna de las dos alterna-tivas son plausibles en esta instancia.
Por último, y con relación a la posición esbozada en las opiniones disidentes, es menester señalar lo siguiente. El Art. 1802 del Código Civil de Puerto Rico, supra, constituye la fuente legal mediante la cual una parte puede reclamar daños emocionales que surjan de toda causa de acción extracontractual. Ahora bien, en instancias en que la causa de acción surja de una relación contractual o de otro tipo, el Art. 1802 del Código Civil de Puerto Rico, supra, constituye una fuente legal general para reclamar daños emocionales, siempre y cuando no se haya pactado algún tipo de limitación en ese sentido o que alguna ley especial —como lo es una ley laboral— no lo consienta o lo limite.
Es por esto que en cierto sentido resulta contradictoria la posición de las opiniones disidentes pues, en síntesis, ambas reclaman que la esposa del codemandante principal puede reclamar los daños que concede el Art. 1802 del Có-digo Civil de Puerto Rico, supra, por una causa de acción que surge de una ley especial que no concede tales daños, sino que los descarta. La contradicción estriba en que no se puede utilizar un estatuto federal, en este caso la FMLA, como base para una causa de acción por daños emocionales alegadamente sufridos por la esposa y obviar que tal esta-tuto no solo no los reconoce para ella, sino que los prohíbe para él. O, dicho de otro modo, ¿qué causa de acción ten-dría la esposa del empleado si el despido de este último no es violatorio de la FMLA? Ninguna, no importa lo real y angustioso que sabemos podría resultar el despido de un familiar, en especial el de un cónyuge.
La causa de acción en daños del cónyuge, conforme lo establecimos en Maldonado v. Banco Central Corp., 138 DPR 268 (1995), es contingente. Esto es, depende de que la causa de su cónyuge prevalezca. Pero no es *265 contingente solo en el aspecto probatorio, sino que, una vez no se prueba la causa, desaparece aquello que hubiera per-mitido recobrar daños mediante el Art. 1802 del Código Civil de Puerto Rico, supra. Tal causa ni siquiera se reco-noce en la ley especial mediante la cual se pretende reclamar.
Como en el caso de cualquier demandante que reclama daños, estos tienen que surgir de una causa de acción y esta, a su vez, no se da en un vacío. Surge, como expresa-mos, de una relación extracontractual (torticera) —lo que obviamente no son las circunstancias en el caso de autos — , de una relación contractual o por una ley especial que la provea. En este caso, esa ley especial es la FMLA, la que no provee para ninguno de los demandantes una causa de ac-ción por daños emocionales. Y es que, ausente una viola-ción de una política pública reconocida en una ley especial, como por ejemplo la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA secs. 185a-185m, un em-pleado despedido no tiene recurso judicial alguno contra su expatrono. Vélez Rodríguez v. Pueblo Int’l, Inc., 135 DPR 500, 505-515 (1994). Ausente esa protección legal, un des-pido no es más que una resolución de un contrato bilateral.
Por otro lado, es menester reseñar que en Santini Rivera v. Serv Air, Inc., supra, en el que reconocimos una causa de acción en daños y perjuicios por el Art. 1802 del Código Civil de Puerto Rico, supra, para los familiares como “una normativa independiente”, el enfoque de la controversia era claramente distinguible a la del caso de autos. En Santini, en vista de que la Ley Núm. 100, le reconocía al obrero una causa de acción en daños por an-gustias mentales, la controversia giró en torno a por qué no se le podía reconocer a sus familiares la misma causa de acción. Fue entonces que señalamos que, aunque por ser la Ley Núm. 100 una ley exclusivamente de índole laboral no hacía referencia a los familiares del obrero, estos sí tenían una causa de acción por el Art. 1802 del Código Civil de *266 Puerto Rico, supra, que, en ese sentido, era similar a la del obrero.
Sin embargo, distinto a Santini, el enfoque de la contro-versia en el caso de autos no es por qué no reconocerle a los familiares lo que la ley le concede al obrero —aunque no haga mención directa de estos— sino, todo lo contrario, por qué reconocerle a un cónyuge —o a cualquier familiar— una causa de acción que la ley según la cual se reclama el daño, y de cuyo resultado depende, no le permite al obrero directamente afectado.
Claro, persiste el argumento de que la FMLA no prohíbe expresamente una causa de acción para el resarcimiento de daños emocionales para los familiares. Sin embargo, de aceptar tal razonamiento tendríamos que, además de des-viarnos de lo que ha sido la línea de interpretación de este asunto en la jurisdicción federal y en las jurisdicciones estatales, concluir que el Congreso de Estados Unidos permitió con su “silencio” concederle más beneficios al cónyuge que los que le concedió al propio obrero afectado. Esto, en primer lugar, porque es concebible que en circunstancias como las del caso de autos los beneficios derivados de los daños emocionales sufridos por un cónyuge serían superiores a los daños líquidos que concede la FMLA al obrero directamente afectado. En segundo lugar, en nuestra jurisdicción siempre habría la posibilidad de que el obrero ter-minara no beneficiándose —ni siquiera indirectamente— de los beneficios que reciba su cónyuge por los daños emo-cionales, porque sabemos que tales beneficios serían priva-tivos del cónyuge del obrero, sin que este último pudiera reclamar nada.(28) En fin, el resultado sería que la cónyuge tendría derecho a beneficiarse de los daños líquidos recibi-dos por el obrero, pero el obrero no tendría ese mismo de-recho sobre los daños que ella recibiría.
*267 IV
En armonía con todo lo anterior, contestamos la pregunta certificada por el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito así: Cuando la reclamación de un empleado mediante el Art. 1802 del Código Civil de Puerto Rico, 31 LPRA sec. 5141, no procede porque un estatuto federal, específicamente la FMLA, no lo per-mite, la esposa de ese empleado tampoco cuenta con una causa de acción por daños emocionales al amparo del mencionado Art. 1802.

Se dictará certificación a tales efectos.

La Jueza Asociada Señora Fiol Matta emitió una opi-nión disidente, a la cual se unió el Juez Presidente Señor Hernández Denton. El Juez Asociado Señor Estrella Mar-tínez emitió una opinión disidente, a la cual se unió la Juez Asociada Señora Rodríguez Rodríguez.

 “When an employee’s Article 1802 claim is barred because there is a specific federal statutory employment claim, here the FMLA, does the spouse of the employee nevertheless has a cause of action from emotional distress damages under Article 1802 when such relief is not available to the employee under federal law?”
En realidad, la solicitud hecha por el Tribunal de Apelaciones de Estados Uni-dos para el Primer Circuito incluía, además, estas dos preguntas: “Does the answer to this question vary depending upon the nature of the underlying federal employment claim? If so, what are the factors to he considered?” No obstante, este Tribunal determinó que estas dos últimas preguntas no son certificables por ser especulativas.

 29 USCA sec. 2612(a)(1).

 29 USCA sec. 2614(a)(1).

 29 USCA sec. 2614(c)(1).

 29 USCA sec. 2612(a)(1).

 Íd.

 Íd.

 29 USCA sec. 2617(a).

 La sección establece una presunción a favor de la otorgación de estos daños líquidos, que puede ser rebatida si el patrono demuestra que sus actuaciones no fueron intencionales.

 Nevada Dept. of Human Resources v. Hibbs, 538 US 721, 739-740 (2003). Véanse, además: Farrell v. Tri-County Metropolitan Transp. Dist. of Oregon, 530 F.3d 1023, 1025 (9no Cir. 2008); Rodgers v. City of Des Moines, 435 F.3d 904, 908-09 (8vo Cir. 2006); Brumbalough v. Camelot Care Ctrs., 427 F.3d 996, 1007 (6to Cir. 2005); Walker v. United Parcel Service, Inc., 240 F.3d 1268 (10mo Cir. 2001).

 En este aspecto, resultan pertinentes las expresiones de la distinguida Jueza Asociada Señora Miriam Naveira Merly en Santini Rivera v. Serv Air, Inc., 137 DPR 1 (1994), quien fuera el único voto disidente en ese caso. En el escolio 20 de su disidencia señaló:
“Aunque en García Pagán v. Shiley Caribbean, etc., supra, págs. 207-208, se expresó que la causa de acción que dispone la Ley Núm. 100, supra, es de igual amplitud que la acción civil de daños y perjuicios provista por la Ley de Derechos Civiles, este señalamiento se hizo a los únicos fines de establecer que el término “daños” en la Ley Núm. 100, supra, incluye la compensación por sufrimientos y angustias mentales al empleado o aspirante a empleo. Id., pág. 215. Por lo tanto, consideramos impropio utilizar la opinión de García Pagán v. Shiley Caribbean, etc., supra, para prejuzgar la controversia ante nos hoy.” (Enfasis nuestro). Íd., pág. 40 esc. 20.

 29 LPRA ant. secs. 146-151.

 En este caso, la distinguida Jueza Asociada Miriam Naveira Merly, quien —como señalamos en el esc. 11— más tarde fue el único voto disidente en Santini *259 Rivera v. Serv Air, Inc., supra, se unió a la mayoría del Tribunal. Véase, además, Berríos Heredia v. González, 151 DPR 327 (2000).

 Santini Rivera v. Serv Air, Inc., supra, págs. 5-6.

 29 LPRA ant. sec. 245w.

 Dorante v. Wrangler of P.R., 145 DPR 408, 412 (1998).

 Íd., pág. 432.

 Íd., pág. 434.

 29 LPRA sec. 185a et seq.

 Claro está, a no ser que ese otro remedio encuentre su fundamento primario en un derecho de estirpe constitucional. Véase Arroyo v. Rattan Specialties, Inc., 117 DPR 35 (1986).

 Véase, además, Black’s Law Dictionary, 9na ed., St. Paul, Ed. West Pub. Co., 2009, pág. 447.

 S.L.G. v. S.L.G., 150 DPR 171, 183 (2000).

 Farrell v. Tri-County Metropolitan Transp. Dist. of Oregon, supra, pág. 1025; Xin Liu v. Amway Corp., 347 F.3d 1125, 1133 esc. 6 (9no Cir. 2003); Brumbalough v. Camelot Care Centers, Inc., supra; Rodgers v. City of Des Moines, supra; Walker v. United Parcel Service, supra; Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1284 (11mo Cir. 1999); Nero v. Industrial Molding Corp., 167 F.3d 921, 930 (5to Cir. 1999); Cianci v. Pettibone Corp., 152 F.3d 723, 728-29 (7mo Cir. 1998).

 Nevada Dept. of Human Resources v. Hibbs, supra, págs. 739-740.

 Mercer v. Arc of Prince Georges County, Inc., 2013 WL 3470489; Lorentz v. Alcon Laboratories, Inc., 2013 WL 3368987; Lanier v. University of Texas Southwestern Medical Center, 2013 WL 2631316.

 29 LPRA sec. 194 et seq.

 Véase Art. 2 de la Ley Núm. 115-1991 (29 LPRA sec. 194a).

 Maldonado v. Banco Central Corp., 138 DPR 268 (1995); Robles Ortolaza v. U.P.R., 96 DPR 583 (1968).