Exel QUIÑONES IRIZARRY, et al., Plaintiffs,

v.

TLD DE PUERTO RICO, et al., Defendants.

No. CIV.00–1604 RLA.

United States District Court, D. Puerto Rico.

Aug. 23, 2002.

---

José R. Franco–Rivera, San Juan, PR, for Plaintiffs.

Edwin J. Seda–Fernández, Maressa Abadia–Muñoz, Adsuar, Muñiz, Goyco & Besosa, San Juan, PR, for Defendants.

### ORDER DISMISSING REMAINING CLAIMS

ACOSTA, District Judge.

The court has before it a Motion for Judgment on the Pleadings and/or for Summary Judgment filed by defendant TELEFONICA LARGA DISTANCIA DE PUERTO RICO ("TLD") requesting dismissal of the remaining claims in this action. It appearing that petitioner is entitled to the relief requested, for the reasons discussed below all remaining claims in these proceedings shall be dismissed.

### PROCEDURAL BACKGROUND

EXEL QUIÑONES IRIZARRY ("QUIÑONES"), ANGEL MATOS ROMAN ("MATOS"), and his wife ELIZABETH LAGO CINTRON filed the instant complaint alleging violations to Title VII of the Federal Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act of 1967; the Federal Executive Order No. 11246, as amended, and the Constitution of the United States of America. They also pleaded supplemental jurisdiction over state law claims pursuant to the Constitution of Puerto Rico and Puerto Rico's Law No. 80 of May 30, 1976, P.R. Laws Ann. Tit. 29, § 185a *et seq.* ("Law 80") and Law No. 100 of June 30, 1959 P.R. Laws Ann. Tit. 29, § 146 *et seq.*

On May 22, 2000 (docket No. 2) the complaint was amended exclusively to include MARISSA BRULL ALVAREZ (QUIÑONES' wife) as an additional party

plaintiff. No new allegations were made. A Second Amended Complaint, filed on August 9, 2000 (docket No. 3), merely added allegations of general damages. In its answer to the complaint TLD raised various affirmative defenses including dismissal for just cause pursuant to Law 80. Thereafter, plaintiffs MATOS, his spouse and their conjugal partnership voluntarily dismissed their claims against TLD and Partial Judgment was entered accordingly.[1] Thus, the only outstanding claims in this case are those of QUIÑONES, his wife, and their conjugal partnership.

Due to the confusing nature of the allegations advanced in the complaint during the Initial Scheduling Conference plaintiffs' counsel was required to explain the nature of the claims asserted on their behalf. At that time plaintiffs' attorney stipulated that QUIÑONES' causes of action were limited to: (1) a disability discrimination action under ADA, and (2) an unjust dismissal claim pursuant to Law 80.[2] By so doing, all other causes of action were voluntarily waived. Although there was mention of amending the complaint yet another time it was never done. Thus, the Second Amended Complaint stands as the final pleading for purposes of this Order.

TLD has moved for dismissal of these two remaining claims alleging that QUIÑONES failed to adequately plead discrimination and that his discharge from employment was for just cause. In their response to defendant's dispositve motion plaintiffs only addressed the unjustified dismissal claim pursuant to Law No. 80.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on summary judgment motions. *See Sands v. Ridefilm Corp.*, 212 F.3d 657, 660–61 (1st Cir.2000). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir.1997). A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 841 (1st Cir.1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank*, 54 F.3d 27, 31 (1st Cir.1995).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Navarro v. Pfizer Corp.*, 261 F.3d 90, 94 (1st Cir.2001); *Grant's Dairy v. Comm'r of Maine Dep't of Agric.*, 232 F.3d 8, 14 (1st Cir.2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". *Lopez–Carrasquillo v. Rubianes*, 230 F.3d 409, 412 (1st Cir.2000); *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994); *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

■ In order to be considered, the facts contained in the documents and the materials attached to a motion for summary judgment, as well as to the opposition,

---

1. *See* Partial Judgment Dismissing Claims of Angel Matos, Elizabeth Lago and their Conjugal Partnership, issued on June 5, 2001 (docket No. 29).

2. *See* Minutes of Initial Scheduling Conference Held on December 8, 2002 (docket No. 11).

must be admissible or usable at trial. *Horta v. Sullivan,* 4 F.3d 2, 7–8 (1st Cir. 1993).

Further, the United States Court of Appeals for the First Circuit has reiterated that "nonmovants[']" failure to present a statement of disputed facts, embroidered with specific citation to the record, "justifies the court deeming the facts presented in the movant's statements of undisputed facts admitted." *Corrada Betances v. Sea–Land, Inc.* 248 F.3d 40, 43 (1st Cir. 2001); *Morales v. A.C. Orssleff's,* 246 F.3d 32, 34 (1st Cir.2001).

Plaintiffs have failed to meet their evidentiary burden under the summary judgment procedure. Therefore, Defendant's Statement of Uncontested Material Facts as they appear in its Motion for Judgment on the Pleadings and/or for Summary Judgment (docket No. 16) remains unchallenged.

## UNCONTESTED MATERIAL FACTS

1. Plaintiff QUIÑONES commenced working for TLD on May 14, 1990.

2. QUIÑONES worked as a computer operator in the Department of MIS.

3. Due to technological changes in the telecommunication industry, TLD changed its operative system from a WANG to an ORACLE platform. This new system mechanizes the procedures performed by the computer operators, rendering this position obsolete.

4. Plaintiff QUIÑONES was informed by letter dated February 9, 1999, that in the process of making changes in its equipment, mechanization and technology and due to the market's needs, TLD was eliminating the computer operator position held by him and terminating his employment effective February 15, 1999.

5. QUIÑONES was 38 years old at the time of his dismissal.

6. TLD eliminated all Computer Operator positions in 1999.

7. To train the plaintiff in the new operating system would have cost TLD in excess of Ten Thousand Dollars ($10,000).

8. On August 30, 1999, EXEL QUIÑONES, through his attorney, filed a charge before the Anti Discrimination Unit of the Puerto Rico Department of Labor and Human Resources ("ADU") and the Equal Employment Opportunity Commission ("EEOC"). QUIÑONES' causes of action consisted of: a) an alleged discriminatory dismissal because of QUIÑONES age and physical and mental condition in violation of Puerto Rico Law 100; b) alleged disparate treatment in violation to Title VII and c) alleged violation of ADA because at the time of his dismissal QUIÑONES was partially disabled due to an emotional condition.

9. On February 17, 2000, at QUIÑONES' request, the Puerto Rico ADU granted him a right to sue.

10. Accordingly, on May 17, 2000, the EEOC granted QUIÑONES a Dismissal and Notice of Rights.

11. In QUIÑONES' complaint and amended complaints, he expressly and unequivocally left out any disability, physical or emotional, or any ADA based allegation.

## DISABILITY DISCRIMINATION CLAIMS

Plaintiff QUIÑONES has failed to meet his burden of proof regarding his

disability discrimination claim. ADA prohibits discrimination in employment grounded on disability. In order to qualify for the protection offered by ADA, plaintiff bears the initial burden of establishing that: (1) he suffers from a "disability" within the meaning of the Act; (2) he is able to perform the essential functions of his position with or without reasonable accommodation; and (3) that the employer's actions were based in whole or in part on his disability. *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 18 (1st Cir. 2002); *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 9 n. 3 (1st Cir.1999); *Tardie v. Rehabilitation Hosp. Of Rhode Island*, 168 F.3d 538, 541 (1st Cir.1999); *Feliciano v. State of R.I.*, 160 F.3d 780, 783 (1st Cir. 1998); *Soto–Ocasio v. Fed. Express Corp.*, 150 F.3d 14, 17 (1st Cir.1998); *Laurin v. The Providence Hosp.*, 150 F.3d 52, 56 (1st Cir.1998); *Criado v. IBM Corp.*, 145 F.3d 437, 441 (1st Cir.1998). Plaintiff carries the burden of proving all three of the aforementioned elements. *Lessard v. Osram Sylvania, Inc.*, 175 F.3d 193, 196 (1st Cir.1999).

Even though QUIÑONES amended his original complaint twice, he still has failed to plead a cognizable ADA claim. The Second Amended Complaint merely alleges that:. 1) he was unjustly dismissed; 2) his position given to another male employee, and 3) TLD recruited personnel in similar positions to the one he previously held. These allegations are totally insufficient to state a valid ADA claim. Plaintiff has not even made reference in the pleadings as to what his allegedly disabling condition is.

Further, QUIÑONES has not presented any arguments to oppose TLD's petition

for dismissal of his discrimination claim and defendant's well-supported facts.

Accordingly, QUIÑONES' ADA claim is hereby **DISMISSED.**

## WRONGFUL DISCHARGE CLAIM

The Court, in the exercise of its discretion, has retained supplemental jurisdiction over the pendent Law 80 state law claim pursuant to 28 U.S.C. § 1367. *Vera–Lozano v. Int'l Broadcasting*, 50 F.3d 67, 70 (1st Cir.1995).

Law 80, also known as Puerto Rico Wrongful Discharge Act, seeks to protect individuals in their employment by requiring employers to indemnify them if discharged "without just cause". P.R. Laws Ann. tit. 29, § 185a (Supp.1998). Employers may avoid incurring liability, however, if the termination is due to:

> Technological or reorganizational changes, as well as changes in style, design or nature of the product made or handled by the establishment or in the service rendered to the public.

P.R. Laws Ann. tit 29, § 185b(e) (1985).

Further, the Revised Guidelines for the Interpretation and Application of Law 80, enacted by the Puerto Rico Department of Labor and Human Resources (the "DOL Guidelines")[3], also provide that changes in technology or design of the product being produced, offered or managed by the employer and the services rendered to the public constitutes just cause for dismissal.

> Modern technology provides new industrial and commercial means to satisfy the changing demand for products and services, which in turn, requires from the establishments a constant renovation and reorganization in procedures and equipment, as well as renovation in

---

**3.** The DOL Guidelines have been cited with approval—although prior to its recent revision—by the Puerto Rico Supreme Court in the cases of *Secretario del Trabajo v. I.T.T.*, 108 D.P.R. 536, 549 (1979) and *Coca–Cola v. Unión de Tronquistas*, 109 D.P.R. 834 (1980).

personnel with knowledge in the new equipment and the operation of the establishment. Considering this reality, the legislators believed in not imposing obstacles to technological changes and the industry's adaptability to these necessary changes. If such a situation arises, the employer can dismiss the employees that do not have the required knowledge and capabilities except in cases when said knowledge can be acquired by simple and inexpensive training....

DOL Guidelines, p. 43. (Translation ours)

Accordingly, when technological changes are implemented employee retention will be based on the individual's ability to carry out the new functions. Seniority will only be considered when the employee can acquire the new skills or knowledge by simple and inexpensive training. DOL Guidelines, p. 44.

■ The technology implemented by TLD emphasizes system administration rather than processing of information. As a result thereof, all computer operator positions such as the one held by plaintiff QUIÑONES were eliminated. As previously indicated, in cases where dismissal comes as a result of technological or reorganizational changes seniority is not a decisive factor.

Based on the nature of its business, which is extremely technology-dependant, TLD is expected to keep up with the constant advances in the field. TLD is also entitled to provide its clients with the latest technology available. As a result of the implementation of TLD's new system, all computer operator positions were eliminated because their skills were no longer effective for the new method of operation. As previously discussed, Law 80 recog-

nizes that TLD can validly eliminate positions as a result of technological changes when the employees do not have the required knowledge or skills. It is undisputed that QUIÑONES did not have the necessary skills for the new operating system. Moreover, since training costs would have exceeded ten thousand dollars, TLD was not legally bound to educate plaintiff in the new operating system.

Based on the foregoing, we find that TLD had just cause for terminating QUIÑONES. Therefore, the Law 80 claim must also be **DISMISSED**.

## SPOUSE CLAIMS

The claims asserted by MRS. QUIÑONES are derivative of her husband's discrimination claim and must stand or fall by his fate. *Fernández–Grullón v. P.R. Telephone Co.*, 138 D.P.R. 674 (1995); *Maldonado v. Banco Central*, 138 D.P.R. 268 (1995); *Santini v. Serv. Air, Inc.*, 137 D.P.R. 1 (1994). Hence, dismissal of her individual cause of action is likewise **DISMISSED**.

## CONCLUSION

In view of the above, TLD's Motion for Judgment on the Pleadings and/or for Summary Judgment,[4] filed on March 5, 2001 (docket No. 16) is hereby **GRANTED** and the claims of EXEL QUIÑONES IRIZARRY and his wife, MARISSA BRULL ALVAREZ, are hereby **DISMISSED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

### *JUDGMENT DISMISSING REMAINING CLAIMS*

The court having dismissed all remaining claims in this action through its Order issued on this date, it is hereby

---

**4.** *See* Plaintiffs' Reply to Motion... filed on April 23, 2001 (docket No. 23) and TLD's Sur-reply, filed on May 16, 2002 (docket No. 27).

ORDERED AND ADJUDGED that all claims in this action be and the same are hereby **DISMISSED**.

IT IS SO ORDERED.