*280 Opinión disidente emitida por el
Juez Asociado Señor Es-trella Martínez,
a la cual se une la Juez Asociada Se-ñora Rodríguez Rodríguez.
La mayoría de este Tribunal interpreta que es improce-dente la reclamación del cónyuge de un empleado por da-ños y perjuicios al amparo de los Arts. 1802 y 1803 del Código Civil de Puerto Rico, 31 LPRA sees. 5141 y 5142, cuando el estatuto federal por el cual el empleado reclamó su derecho no le reconoce a este último tal causa de acción. Por entender que los remedios concedidos al amparo de una legislación laboral solo afectan el reclamo entre el em-pleado y el patrono y que la acción del cónyuge del em-pleado, en estos casos, constituye una reclamación inde-pendiente, DISIENTO.
I
Los hechos medulares son sencillos. El Sr. Juan Pagán Colón fue despedido de su trabajo como asistente de ge-rente en la tienda Walgreens de Juana Díaz. Ello, ocurrió luego de que el señor Pagán Colón se ausentara por un periodo de dos semanas debido a una condición médica que requirió su hospitalización durante una semana y otra adi-cional de recuperación. Como consecuencia, el señor Pagán Colón y su esposa, la Sra. Ada Renta Bonilla, instaron una reclamación en la Corte de Distrito Federal contra el patrono. En esta alegaron que el señor Pagán Colón fue despedido en violación al Family Medical Leave Act (FMLA), 29 USCA secs. 2601-2654, despido injustificado según la Ley Núm. 80 de 30 de mayo de 1976 (29 LPRA sec. 185a et seq.), y que el despido del señor Pagán Colón causó a su esposa angustias mentales que son compensa-bles según los Arts. 1802 y 1803 del Código Civil, 31 LPRA sees. 5141 y 5142.
*281 Los esposos Pagán-Renta desistieron de su reclamación de mesada al amparo de la Ley Núm. 80, supra. De otra parte, la Corte de Distrito desestimó las causas de acción al amparo de los Arts. 1802 y 1803 del Código Civil y denegó la reclamación de daños líquidos al amparo de la FMLA. No obstante, un Jurado falló a favor del señor Pagán Colón por su reclamación a base de la FMLA.
Las partes acudieron al Circuito de Apelaciones. En lo pertinente, los esposos Pagán Renta alegaron que no pro-cedía desestimar sumariamente la reclamación de la se-ñora Renta al amparo del Código Civil. Walgreens se opuso y argumentó que la FMLA no reconoce daños y angustias mentales, por lo que la señora Renta no puede ser acree-dora de mayores derechos que el señor Pagán. Además, argüyó que esta no sostuvo una acción torticera indepen-diente que justifique tal remedio.
El Circuito de Apelaciones confirmó la sentencia en su totalidad; sin embargo no adjudicó la reclamación de la señora Renta Bonilla. Así, ese foro cuestionó si un familiar de un empleado perjudicado puede recobrar angustias mentales a través de una reclamación derivativa basada en el Art. 1802 del Código Civil, supra, cuando el estatuto federal que cobija al empleado perjudicado no le permite recobrar angustias mentales.(1)
II
La FMLA fue aprobada en 1993 con el fin de crear un balance entre las demandas del área de trabajo con las necesidades familiares, promover la estabilidad, seguridad económica e integridad familiar. De esta forma, se reconoce a los empleados elegibles el derecho a ausentarse por razo- *282 nes médicas, el nacimiento o adopción de un niño o niña, o para proveer el cuidado a un hijo o hija, esposo o esposa, o padres en una condición seria de salud. 29 USCA see. 2601(b).
Con ese objetivo, la FMLA reconoció al empleado elegi-ble la libertad de ausentarse por un periodo de tiempo que no excediera de doce semanas —sin sueldo— en el término de un año por las razones protegidas por el estatuto, y el derecho a regresar a su trabajo o equivalente luego de esa ausencia. 29 USCA see. 2612 y 2614.
La FMLA define quién está cobijado por la referida legislación. A estos efectos, dispone que la ley aplica al empleado elegible. Este es aquel que ha trabajado durante un tiempo no menor de doce meses y al menos 1,250 horas para el periodo anterior al que solicita ausentarse. Véase 29 USCA see. 2611. Además, reconoce al empleado elegible al que se le violen sus derechos al amparo de la FMLA el remedio que será compensado por los daños monetarios o líquidos que haya probado. 29 USCA sec. 2617. Sobre este particular, el Tribunal Supremo federal señaló que la causa de acción al amparo de la FMLA es limitada a las pérdidas monetarias reales. Nevada Dept. of Human Resources v. Hibbs, 538 US 721, 739-740 (2003).(2) En ninguna disposición de la FMLA se expresa que los remedios concedidos en ella aplican a los parientes de los empleados protegidos. Más aún, la FMLA no desplaza la legislación estatal que provea mayores beneficios.
*283 III
Ante este hecho, y en ausencia de legislación especial en Puerto Rico que aplique a la cónyuge en cuanto a este particular, debemos acudir a la ley general. En este sentido el Art. 12 del Código Civil, 31 LPRA sec. 12, dispone que “[e]n las materias que se rijan por leyes especiales, la deficiencia de éstas se suplirá por las disposiciones de este título”. Es por ello que una ley de carácter especial prevalece sobre el estatuto de carácter general. S.L.G. Vázquez, Ibáñez v. De Jesús, Vélez, 180 DPR 387, 398 (2010); Mun. de San Juan v. Prof. Research, 171 DPR 219, 236 (2007). No obstante, en ausencia de una disposición legal o cuando una situa-ción jurídica no está confrontada específicamente en la ley especial, se acude a fuentes supletorias, como lo es el Có-digo Civil. Véanse: Robles Menéndez v. Tribunal Superior, 85 DPR 665 (1962); Freeman v. Srio. de Hacienda, 82 DPR 307 (1961).
Nuestro Código Civil regula la responsabilidad por ac-tos u omisiones que causan daños. En lo pertinente, el Art. 1802 dispone que: “ [e]l que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obli-gado a reparar el daño causado”. 31 LPRA sec. 5141. Por su parte, el Art. 1803 del Código Civil dispone sobre la responsabilidad por daños causados por aquellas personas de quienes uno debe responder. 31 LPRA sec. 5142.
Este Tribunal no ha vacilado en expresar que la respon-sabilidad impuesta por el Código Civil responde a uno de los principios más fundamentales de nuestro ordenamiento jurídico, es decir, la responsabilidad aquiliana por hechos propios. Así, todo perjuicio material o moral, da lugar a la reparación de daños si se establece la realidad del daño sufrido, existe un nexo causal entre este y la acción u omisión de otra persona y esa actuación u omisión es culposa o negligente. Hernández v. Fournier, 80 DPR 93, 96 (1957). *284 Más aún, hemos resaltado que ese precepto no admite limitación ni excepción de clase alguna. El causante de un daño debido a su culpa o negligencia está obligado a repararlo. íd., págs. 96-97. Ello responde al perjuicio particular y personal sufrido por cada uno de los demandantes. Por lo tanto, la causa de acción al amparo del Art. 1802, supra, surge, no solo por las acciones culposas, sino igualmente por las omisiones cuando existe un deber jurídico de actuar. Ahora bien, como las acciones ex delicto responden a los postulados sobre la sana convivencia humana de no causar daño a los demás, estas no necesitan para su reclamo que “le preceda una relación jurídica entre las partes”. Maderas Tratadas v. Sun Alliance et al., 185 DPR 880, 908 (2012). De igual forma, hemos reconocido que en nuestro ordenamiento jurídico procede una reclamación de daños extracontractuales como resultado del quebrantamiento de un contrato, si el hecho causante del daño constituye una violación del deber general de no causar daño a otro y, a su vez, incumplimiento contractual. Véase Ramos v. Orientalist Rattan Furnt., Inc., 130 DPR 712, 727 (1992).
Entre los daños que se han de reparar se encuentran los especiales que responden a los daños físicos, patrimonia-les, pecuniarios o económicos. Estos permiten la valoración económica porque impacta el patrimonio del perjudicado. Como consecuencia, también hemos reconocido los daños morales que son los infligidos a las creencias, los senti-mientos, la dignidad, la estima social o la salud física o psíquica del que lo reclama. Rivera v. S.L.G. Díaz, 165 DPR 408, 428-249 y 437-438 (2005). Los daños morales indemnizan el dolor, los sufrimientos físicos y las angustias mentales que padece una persona como consecuencia de un acto culposo o negligente. Para ser resarcido por estos daños morales es imprescindible probar sufrimientos y angustias morales profundas y no basta una pena pasajera. Hernández v. Fournier, supra, pág. 103.
*285 A pesar de ello, la mayoría de este Tribunal se aparta de esta norma jurídica para sostener que como la ley especial no le reconoce el resarcimiento por estos daños al em-pleado, tampoco su cónyuge tiene derecho a reclamarlos. Para arribar a esa conclusión, sostienen que al interpretar una ley laboral especial, en el contexto del remedio solici-tado, este Tribunal entiende restrictivamente el estatuto, por lo que solo hemos reconocido el remedio o la causa de acción reconocida en la ley especial. Ante ello, la mayoría de este Tribunal razona erradamente que si la legislación laboral que cobija la relación entre el empleado y el pa-trono no concede indemnización por angustias mentales, su cónyuge tampoco tendrá derecho a ese resarcimiento de acuerdo con Código Civil. De esta forma, incorporan una limitación a una ley que aplica a una relación laboral, coar-tando de esta manera el posible resarcimiento que por de-recho propio tiene un ajeno a la relación jurídica.
IV
Un examen de la jurisprudencia relevante demuestra que este Tribunal ha determinado que procede una causa de acción independiente al amparo del Art. 1802 del Código Civil, supra, a favor del pariente del empleado que reclama a base de una legislación laboral especial.
En específico, este Tribunal permitió una causa de acción independiente según el Art. 1802 del Código Civil, supra, a los parientes de un empleado que renunció a su patrono por actos constitutivos de hostigamiento y discrimen por razón de origen nacional. En Santini Rivera v. Serv Air, Inc., 137 DPR 1 (1994), dispusimos que el reclamo de los parientes relacionado a una legislación laboral especial, constituyen una normativa independiente que surge por su propia cuenta al amparo del Art. 1802 del Código Civil, conforme a los principios de la responsabilidad extra- *286 contractual. Más aún, enfatizamos que “es a esos principios y a ese artículo [1802], a los cuales hay que acudir como fuentes de derecho, cuando se dilucida la situación jurídica del pariente del obrero”. (Enfasis suplido). Id., pág. 6.
En Santini Rivera v. Serv Air, Inc., supra, la reclamación fue al amparo de la Ley Núm. 100 de 30 de junio de 1959 (29 LPRA sec. 146 et seq.). Los padres del empleado y la novia de este instaron una reclamación al amparo del Código Civil por el trato discriminatorio que sufrió su pariente en el empleo. Se solicitó la desestimación de esta. Al analizar si procedía desestimar la causa de acción instada por los parientes, recalcamos que la Ley Núm. 100 carece de referencia a los parientes de los obreros protegidos y es una legislación exclusivamente de índole laboral, por lo que su objeto estricto es la relación obrero-patronal. Por lo tanto, está dirigida a tratar únicamente los derechos de los empleados y ofrecer particular protección a sus intereses.
Ante ello, expresamos que “no tiene sentido alguno intentar la dilucidación de la situación jurídica de los parientes de los obreros, en el contexto de la citada Ley Núm. 100”. (Énfasis suplido). Santini Rivera v. Serv Air, Inc., supra, pág. 5. Ello pues, al no aplicarles, no puede ser fuente de derecho para los parientes. Id. Incluso, señalamos que “[l]os derechos de los parientes de los obreros no son un apéndice del contrato laboral ni emanan supletoriamente o de modo alguno de la referida legislación especial, por lo que no procede acudir a ella para decidir si los parientes de los obreros tienen determinados derechos o no”. (Énfasis suplido). Id. Enfatizamos que las leyes especiales laborales brindan particular protección a los intereses de los traba-jadores, éstas “no pueden ser, de modo alguno, fuentes de limitación de derechos de otros no comprendidos en dicha legislación”. (Énfasis en el original). Id, pág. 5 esc. 3.
En este sentido, acudimos a la imposición de responsa-bilidad de nuestro Código Civil. Resaltamos que desde hace mucho tiempo, hemos reconocido en nuestra jurispru- *287 dencia el concepto daño culposo o negligente como una fuente de obligaciones de gran alcance, concebido de manera abarcadora. Este no admite limitación ni excepción de clase alguna. Santini Rivera v. Serv Air, Inc., supra, págs. 8-9; Reyes v. Sucn. Sánchez Soto, 98 DPR 305, 310 (1970); Hernández v. Fournier, supra, págs. 96-97.
La norma jurisprudencial es tajante en cuanto a que no tan solo se compensan los daños sufridos por una parte directamente, sino los daños morales sufridos por personas vinculadas por lazos de parentesco, afecto y cariño con el perjudicado. Tal perjuicio, constituye una acción independiente contra el causante cuya fuente de responsabilidad nace del perjuicio particular y personal sufrido. Hernández v. Fournier, supra, págs. 97-98. Ante ello, este Tribunal nunca antes había vacilado en reconocer el derecho de indemnización por los daños causados de forma directa a parientes.(3) De tal envergadura es esa norma jurídica que en Santini Rivera v. Serv Air, Inc., supra, no vacilamos en reconocer la reclamación de los parientes a base del Art. 1802, supra, con relación a una causa de acción laboral. Asimismo, expresamos que los daños sufridos por los parientes de un empleado a consecuencia de la actuación patronal discriminatoria caben en la conducta culposa que prohíbe el Art. 1802, supra. Así, resolvimos “que la esposa e hijos de una persona discriminada que sufren daños y angustias mentales, tanto en su quehacer diario en la so-ciedad como en su desenvolvimiento familiar, tienen una *288 causa de acción separada y contingente”. Maldonado v. Banco Central Corp., 138 DPR 268, 276 (1995). Esa contin-gencia es en la medida de que si no prevalece el empleado en su alegación de discrimen o causa de acción, no se puede reclamar por un discrimen no probado o sin base alguna. Claro está, le corresponderá al familiar probar la produc-ción de un daño; un acto u omisión culposa o negligente, y la existencia causal. Una vez probados los elementos de la causa de acción al amparo del Art. 1802, se compensarán los daños sufridos del cónyuge o pariente. Véanse: S.L.G. Serrano-Báez v. Foot Locker, 182 DPR 824, 837-838 (2011); Dorante v. Wrangler of P.R., 145 DPR 408 (1998).(4)
V
No dudamos que la acción del cónyuge o familiar es una acción separada y no accesoria o derivada de la reclama-ción principal del empleado. Ciertamente, en su facultad legislativa, la Asamblea Legislativa puede regular y limi-tar las causas de acciones a las que se tenga derecho. Tal autoridad se refleja al aprobar las leyes especiales que ri-gen determinada materia. Ahora bien, en ausencia de tal manifestación legislativa, debemos aplicar el principio de la fuente supletoria gobernada, en este caso, por el Art. 1802, supra.
En este sentido, al examinar las disposiciones del FMLA no surge que esta legislación haya ocupado el campo o que impida la reclamación al amparo del Art. 1802, supra. Mucho menos, existe legislación en Puerto Rico que impida la reclamación por angustias morales entabladas por la cónyuge de un obrero a quien se le violaron sus de-rechos al amparo del FMLA. Tampoco consta manifesta-ción legislativa que limite la reclamación de un pariente al *289 derecho que ostenta otra parte al amparo de una legisla-ción que solo aplica en el contexto laboral. Más aún, la propia FMLA reconoce que esa legislación no afecta cual-quier provisión estatal que provea mayores beneficios. Véase 29 USCA see. 2651. Por lo tanto, no concibo el razo-namiento mayoritario de que una ley especial que regla-menta el contrato de empleo entre patrono y empleado puede, en ausencia de lenguaje a tales efectos, afectar los derechos de terceros bajo otras disposiciones legales de gran envergadura.
Es con este marco conceptual que debió examinarse la pregunta certificada y concluir que, según la jurispruden-cia discutida, el cónyuge del empleado tiene una causa de acción independiente por los daños emocionales al amparo del Art. 1802, supra. Tal reclamación es una personal, se-parada e independiente de si el empleado tiene o no un remedio similar bajo la ley por la cual reclama. La razón por la cual hemos reconocido esta causa de acción es por-que la ley especial, por la cual reclama el empleado, es una legislación laboral dirigida específicamente para la protec-ción del obrero y no de sus parientes. Siendo una causa de acción independiente, no dependerá de la naturaleza puni-tiva o no de la ley al amparo de la cual reclama el empleado. Los familiares pueden presentar una causa de acción independiente si logran establecer los requisitos del Art. 1802, supra. Nuestro ordenamiento civilista reconoce la facultad del cónyuge de reclamar por los daños sufridos a consecuencia del despido de su pareja.
El cónyuge de un empleado no está vedado por la FMLA a instar una causa de acción independiente por los daños emocionales al amparo del Art. 1802 del Código Civil de Puerto Rico, supra. Tal derecho no está sujeto al resarci-miento que el FMLA contemple en beneficio del empleado beneficiado. Es decir, el remedio que el estatuto brinde al empleado no limita la causa de acción en daños al amparo del Art. 1802, supra, que puedan tener sus familiares por *290 los mismos hechos. Ante esa realidad, restringir jurispru-dencialmente el derecho de un cónyuge a reclamar el re-sarcimiento de los daños generados por la conducta del pa-trono de su cónyuge sería contrario a la tradición civilista de responsabilidad civil extracontractual y crearía una ca-tegoría especial de personas agraviadas que ni el legislador federal ni el estatal contempló. Siendo la actuación de la mayoría contraria a los postulados expuestos, estoy obli-gado a disentir.

 La pregunta certificada fue: “When an employee’s Article 1802 claim is barred because there is a specific federal statutory employment claim, here the FMLA, does the spouse of the employee nevertheless have a cause of action for emotional distress damages under Article 1802 when such relief is not available to the employee under federal law?”

 En un principio, existía debate en cuanto a si las angustias mentales estaban incluidas en los remedios concedidos por la FMLA. Específicamente, se argumentó que al aprobar la FMLA proveía un remedio paralelo al del Fair Labor Standards Act (FLSA) y que debería ser interpretada similarmente. Por ello, se argüía que la FMLA podía incluir la compensación por este tipo de daño. Sin embargo, contrario a la FLSA el lenguaje de la FMLA no concede explícitamente estos. Véase K.N. Honohan, Remedying the liability limitation under the Family and Medical Leave Act, 79 B.U.L. Rev. 1043 (1999).

 Véanse, los casos de: insultos y discrimen racial, Muriel v. Suazo, 72 DPR 370 (1951); Vda. de Valentín v. E.L.A., 84 DPR 112 (1961); muerte ilegal, Travieso v. Del Toro y Travieso, Int., 74 DPR 1009 (1953); persecución maliciosa, Berríos v. International General Electric, 88 DPR 109 (1963); explosión negligente de líneas eléctricas, Concepción Guzmán v. A.F.F., 92 DPR 488 (1965); Cirino v. Fuentes Fluviales, 91 DPR 608 (1964); Rodríguez Cancel v. A.E.E., 116 DPR 443 (1985); accidentes laborales, Vda. de Delgado v. Boston Ins. Co., 99 DPR 714 (1971); rechazo equivocado de tarjeta de crédito, Santiago v. Sears Roebuck, 102 DPR 515 (1974); accidentes automovilísticos, Ferrer v. Lebrón García, 103 DPR 600 (1975); impericia médica, Pérez Cruz v. Hosp. La Concepción, 115 DPR 721 (1984); profanación de tumba, Maldonado v. Municipio de Ponce, 39 DPR 247 (1929), todos citados en Santini Rivera v. Serv Air, Inc., 137 DPR 1, 10-11 (1994).

 De forma similar, se ha reconocido la causa de acción de los parientes del empleado al amparo del Art. 1802, supra, cuando el empleado había reclamado al amparo de la antigua Ley de Represalias, Ley Núm. 96 de 26 de junio de 1956.