**Francisco Arencibia ALBITE, et al., Plaintiff(s),**

**v.**

**POLYTECHNIC UNIVERSITY OF PUERTO RICO, INC., et al., Defendant(s).**

**Civil No. 10–2054 (DRD).**

United States District Court, D. Puerto Rico.

Signed March 25, 2014.

Juan P. Rivera–Roman, Juan P. Rivera Roman Law Office, Ponce, PR, for Plaintiff(s).

Marcelle D. Martell, Marcelle D. Martell Jovet Law Office, San Juan, PR, for Defendant(s).

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court are: (a) *Defendants' Motion for Summary Judgment and Memorandum in Support*, Docket No. 51, (b) *Plaintiffs' Opposition to the Motion for Summary Judgment and Objections to Defendants Statement of Uncontested Facts*, Docket No. 59, and (c) *Plaintiffs' Opposition to the Supplemental Memorandum in Support of Motion for Summary Judgment*, Docket No. 60.[1] For the reasons set forth below, the Motion for Summary Judgment is granted, and the complaint as to all federal claims is hereby dismissed with prejudice.

### Factual and Procedural Background

On October 28th, 2010, Plaintiffs Francisco Arencibia–Albite, Carlos Arencibia–Albite, Francisco Arencibia–Albite, Anto-

---

1. The record shows that the *Motion for Summary Judgment* was filed on April 30, 2013, Docket No. 51. After several lengthy extensions of time, which were due on July 12, 2013, the plaintiffs filed their opposition to the *Motion for Summary Judgment* cavalierly late on August 14, 2013, Docket No. 60. As of this date, plaintiffs have failed to file the certified English translations of the exhibits. Should plaintiffs proceed to appeal, they are obligated to translate all documents to the English language. *See* Local Rule 5(g) of the United States District Court for the District of Puerto Rico; *see also Alberti v. Carlo–Izquierdo*, 548 Fed.Appx. 625 (1st Cir.2013); *United States v. Valdivia*, 680 F.3d 33 (1st Cir.2012).

nio Arencibia–Albite, Aurelia Arencibia–Llanes and Lilian–Albite filed the instant employment discrimination suit as successors in interest on behalf of the deceased Francisco Arencibia–Llanes against the Polytechnic University of Puerto Rico, Inc., Mr. José Borrageros, Mr. Roberto Mate, and Insurance Companies A and B under the American Discrimination in Employment Act ("ADEA"). Further, invoking supplemental jurisdiction pursuant 28 U.S.C. § 1367, plaintiffs seek relief under Puerto Rico's Public Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146 et seq. ("Law 100"), as amended, Public Law Number 80 of May 30, 1976, 29 L.P.R.A. § 501 et seq. ("Law 80") as amended, Public Law Number 115 of December 20, 1991, 29 L.P.R.A. § 194 et seq. ("Law 115") as amended, and Articles 1802 and 1044 of the Puerto Rico Civil Code, see Docket No. 1. Plaintiffs request: (1) a declaratory judgment against defend due to "violations of the Laws of the U.S. and … Puerto Rico" (2) damages in the amount no less than $700,000.00 each for mental anguish, mental and emotional suffering, distress and loss of company (3) damages for loss of income, back pay front pay and loss of benefits in an amount "no less than $500,000.00" (4) punitive damages, double damages (5) cost of this action and reasonable attorney fees, and (6) prejudgment interests, see Docket No. 29 at 21–22.

On April 30, 2013, defendants filed a Motion for Summary Judgment, Docket No. 51, asserting that plaintiffs' allegations failed to sufficiently establish a prima facie case of age discrimination or to adduce to evidence of age-based animus under the McDonnell Douglas burden-shifting framework. Defendants also sustain that plaintiffs cannot prove retaliation as defendants were unaware of Arencibia–Llanes' filing of a discrimination charge with the EEOC until after May 24, 2010, and Arencibia–Llanes continued to receive his full pay and benefits until his passing on August, 2010. Further, defendants allege that a cause of action under the ADEA for Professors Borrageros and Marte must be dismissed as a matter of law, as there is no individual liability under the ADEA. Finally, that the defendants further argue that the contingent claims of Arencibia Llanes' plaintiffs-heirs are based on Puerto Rico law and should be dismissed given their derivative and contingent nature, as Arencibia Llanes has no viable claim for either age discrimination or retaliation under any statute.

The record shows that plaintiff opposed the Motion for Summary Judgment on August 13, 2013, Docket No. 59, as well as their Objections To Defendants Proposed Uncontested Facts filed under Docket No. 60. The Court finds that plaintiffs' opposition and objections are tardy and were filed without leave of Court, disregarding the Court's Order, Docket No. 58, which indicated that if plaintiffs failed to respond to the summary judgment request by July 12, 2013, the matter would be deemed submitted. Notwithstanding, the Court has reviewed plaintiffs' tardy objections, and finds that plaintiffs' objections are either conclusory allegations or fail to substantiate genuine issues as to any material fact. Therefore, plaintiffs' tardy objections will not alter the Court's analysis or the final ruling. The Court is obligated to examine the request for summary judgment on the merits, notwithstanding that plaintiffs proffer may be late and is not considered. de la Vega v. San Juan Star, 377 F.3d 111, 115–116 (1st Cir.2004) (The summary judgment must be considered on the merits not as a sanction "simple because the opposing party failed to comply with a local rule requiring a response within a certain number of days") (citations omitted).

At the time the alleged pattern of discrimination occurred, Mr. Arencibia–Llanes was sixty seven (67) years of age. Docket No. 29. Arencibia Llanes began working at PUPR as a lecturer in August, 1986, in the Science and Math Department, and became a full time professor in 1989, as well as a faculty member of the Civil engineering Department in August, 1990. *See* Docket No. 29 paragraph 22.

Professor Marte had been Arencibia–Llanes' immediate supervisor beginning the academic year of 2006, *see* Docket No. 54–2, Defendants' Exhibit No. 2. On October 30, 2009, during a department examination, an altercation occurred between Prof. Marte and Arencibia–Llanes, *see* Docket No. 54–2, Deposition of Prof. Marte. This altercation caused Prof. Marte to complain to Prof. Borrageros in a letter dated November 10, 2009. *Id.*

A meeting was scheduled by Prof. Borrageros for December 3, 2009 at the Human Resources Department. Arencibia–Llanes, however, through a letter prepared by his Counsel Mariela Maestre–Cordero cancelled said meeting, alleging irregularities with regards to procedure, *see* Docket No. 61–5, and Docket No. 62–5.

On March, 2010, complaints by students were lodged against Arencibia–Llanes, including from having lost their projects and tests to failure to correct their examination, Docket No. 54–1. On March 11, 2010, Dr. Carlos González, Dean of the School of Engineering, verbally informed Arencibia–Llanes that he would not be providing his courses during the Spring Semester, and directed Arencibia–Llanes to focus instead on attending the student complaints. Nonetheless, Arencibia Llanes was paid in full in the regular course of business, *see* Docket No. 54–3, and Docket No. 62–5.

On March 2013, 2010, Arencibia–Llanes wrote to Dr. Miguel Riestra, the University's Vice President, as to his perceived suspension and the process involved, Docket No. 62–3. Arencibia Llanes was informed of the need to resolve the formal student complaints against him, Docket No. 54–3. On March 30, 2013, Dr. González provided Arencibia–Llanes a large number of student complaints that were to be addressed by Arencibia–Llanes separately and individually.

On May 17, 2010, Arencibia–Llanes filed a charge with the EEOC, alleging age discrimination. In support of his contention, the charge states that the discriminatory pattern of conduct commenced on March 11, 2010, with the most recent being April 8, 2010. *See* Docket No. 54–4, Charge of Discrimination, and the Second Amended Complaint, Docket No. 29, ¶ 50. PUPR received a copy of same from the EEOC on May 24, 2011. *See* Docket No. 54–5, Notice of Charge of Discrimination.

Professor Francisco Arencibia Llanes passed away on August 7, 2010, Docket No. 29. At that time Arencibia Llanes was still employed by PUPR. The Court considers these facts and those in the record in assessing defendants' *Motion for Summary Judgment.*

### Summary Judgment Standard

The principle of the summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala,* 124 F.3d 298, 306 (1st Cir.1997). Motions of Summary Judgment are governed by Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), which provides that a judgment may be entered when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." *Thompson v. Coca–Cola Co.,* 522 F.3d 168, 175 (1st Cir.2008); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Facts are considered material if they may potentially "affect the outcome of the suit under governing law." *Sands v. Ridefilm Corp.,* 212 F.3d 657, 660–661 (1st Cir.2000). The moving party carries the burden of proving both of these elements. *Vega–Rodriguez v. Puerto Rico,* 110 F.3d 174, 179 (1st Cir.1997).

Where there is an absence of a genuine issue of material fact, it is up to the non-moving party to prove that a trier of fact could reasonably find in his or her favor. *Mendez–Martinez v. Caribbean Alliance Ins. Co.,* 851 F.Supp.2d 336, 342 (D.P.R. 2012) (citing *DeNovellis v. Shalala,* 124 F.3d 298, 306 (1st Cir.1997); *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548 (1986)). The court may enter summary judgment if the court examines the record and finds no genuine issue as to any material fact after viewing it in the light most favorable for the non-movant, and indulges in all reasonable references in that party's favor. *Pérez v. Saint John's Sch.,* 814 F.Supp.2d 102 (D.P.R.2011). The record must be reviewed as a whole, and the Court may not engage in assessments of weight or credibility. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 135, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). An otherwise properly supported motion for summary judgment shall not be affected by the mere existence of alleged factual disputes between the parties, as the issue is whether or not there are material and/or genuine facts in controversy. *Liberty Lobby, Inc.,* 477 U.S. at 247–248, 106 S.Ct. 2505. However, summary judgment may

be appropriate when the nonmovant relies on merely "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990). Inadmissible evidence "may not be considered on summary judgment." *Noviello v. City of Boston,* 398 F.3d 76, 84 (1st Cir. 2005). Moreover, the court must ultimately consider only those allegations that provide specific citation to the record. *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990).

## Analysis

### Age Discrimination in Employment Act ("ADEA")

The Age Discrimination in Employment Act of 1967 ("ADEA") statute seeks to protect from discrimination of public and private employees who are 40 years of age or older 29 U.S.C. §§ 621–634. The law makes illegal for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) The employer's liability will depend "on whether the protected trait actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). In ADEA cases, "a plaintiff must prove that age was the 'but for' cause of the employer's adverse decision, ... 'the determinative factor,' as opposed to 'merely a determinative factor.'" *Gross v. FBL Fin. Servs.,* 557 U.S. 167, 168, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009).

Plaintiff must establish that it has been intentionally discriminated against. *Shorette v. Rite Aid of Maine, Inc.,* 155 F.3d 8, 12 (1st Cir.1998). Absent direct evidence, plaintiffs in ADEA cases must es-

tablish a prima facie case to prove that the alleged discrimination occurred. *Cameron v. Idearc Media Corp.*, 685 F.3d 44, 48 (1st Cir.2012). This is accomplished through the *McDonnell Douglas* burden shifting frame work by initially showing that: (1) he was at least 40 years old at the time of the adverse action, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) the employer demonstrated a continuing need for his services. *Bonefont–Igaravidez v. Int'l Shipping Corp.*, 659 F.3d 120, 124 (1st Cir.2011). *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The Court determines that plaintiffs have been able to establish the first two elements of the ADEA prima facie case, given that Arencibia–Llanes was 67 years old at the time of suspension from his position, and was a full time professor at the institution. Plaintiffs allege that Arencibia–Llanes was adversely affected as he was suspended from his duties as a professor. An employment action is adverse when it "results in some tangible, negative effect on the plaintiff's employment" through "a serious and material change in the terms, conditions or privileges of employment . . . as viewed by a reasonable person under the circumstances" *Rodriguez–Fonseca v. Baxter Healthcare Corp. of Puerto Rico*, 899 F.Supp.2d 141 (D.P.R.2012) (citing *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1181–82 (11th Cir.2003)). Plaintiffs adduces that the removal of Arencibia–Llanes Spring Classes constituted a constructive discharge. If a plaintiff alleges constructive discharge in any employment discrimination claim an additional element is added to the prima facie case. *Caribbean Alliance Ins. Co.*, 851 F.Supp.2d at 346 (citing *Landrau–Romero v. Banco Popular De Puerto Rico*, 212 F.3d 607, 612 (1st Cir.2000)). A constructive discharge normally occurs when the employee opts to leave the company rather than work under conditions that are found to be "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign," *Dominguez v. Eli Lilly & Co.*, 958 F.Supp. 721, 735 (D.P.R.1997); *Calhoun v. Acme Cleveland Corp.*, 798 F.2d 559, 561 (1st Cir.1986).

When making determinations on whether a constructive discharge actually occurred, the court may take salary consideration into account *Serrano–Cruz v. DFI Puerto Rico, Inc.*, 109 F.3d 23, 26 (1st Cir.1997). They may also take into consideration whether there is evidence showing animosity on part of employer stems from age. *Id.* It is the court's view that this element of the prima facie case was not proven by plaintiff, as Arencibia Llanes remained employed at PUPR until his death receiving his salary and marginal benefits, *see* Docket No. 62–4, and Docket No. 54–3. He was also performing genuine functions required by his job. The ADEA claim must be dismissed, as the University had a valid reason in assigning him to provide the lost examinations and the grades to the students for the past semester, and to reinstate the projects that the students had terminated and Arencibia Llanes had lost. Further, Arencibia Llanes also failed to finish an assignment relating to the preparation of a Laboratory Manual for the Civil Engineering Department.

However, even assuming that indeed Arencibia–Llanes was adversely affected and that he complies with the four criteria of a prima facie case of discrimination, these claims would not survive the second and third steps of the *McDonnell Douglas* framework. Once the elements of the first step have been met, the defendant has the burden to produce (articulate)—

not prove—a legitimate, nondiscriminatory reason for the plaintiffs' dismissal. *Bennett v. Saint–Gobain Corp.*, 507 F.3d 23, 30–31 (1st Cir.2007). *See also Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 827 (1st Cir.1991). Defendant proffers nondiscriminatory rationale supporting its decision to suspend Arencibia–Llanes, redirecting the focus towards attending student complaints. The record indicates that Mr. Arencibia–Llanes' superiors required him to attend critical complaints from students that would require his sole focus until resolved. Defendants also allege that Arencibia Llanes never fulfilled his obligation to provide copies of student exams and projects, as graded and evaluated by Arencibia Llanes but lost by him. Additionally, it is further articulated that Arencibia Llanes never furnished the completed Laboratory Manual for the course of Computer Tools Laboratory for Civil Engineering, duly assigned to him, thus, Arencibia Llanes failed to fully comply with his obligations for the Spring Semester 2010.

■ When the employer offers a nondiscriminatory reason for its actions, the inference of discrimination vanishes and the burden shifts back to the plaintiff to show that the adverse employment action was the result of discriminatory animus and that the employer's stated reasons are merely pretext or a sham. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The employee must show "... by preponderance of evidence, that the employer's proffered reason for the adverse employment action is pretextual and that the true reason for the adverse action is discriminatory" *Bonefont–Igaravidez v. Int'l Shipping Corp.*, 659 F.3d 120, 124 (1st Cir.2011) (internal quotations omitted). The only evidence presented by plaintiffs to attest this fact is Carlos González' testimony, Docket No. 54–3, page 35, where he states

that by giving Arencibia–Llanes additional time to fulfill his obligations of attending students complaints, and the institution (PUPR) incurring in the costs of paying both his salary and those of the teachers who would be covering his classes, special treatment was accorded to Arencibia–Llanes because of his years. Preferential treatment does not constitute a basis for a disparate treatment allegation. *Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 124 S.Ct. 1236, 157 L.Ed.2d 1094 (2004).

Given that no direct evidence of age based discrimination has been furnished, and taking into consideration that plaintiffs have failed in providing that the articulated reason is merely pretextual in nature, defendants' *Motion for Summary Judgment*, Docket No. 51, is granted as to plaintiffs' ADEA claim against Polytechnic University of Puerto Rico, Inc. ("PUPR").

### Individual Liability under ADEA

■ The complaint names Prof. Borrageros and Prof. Marte as defendants in their personal capacity with regard to plaintiffs' ADEA claim. Docket No. 29. This Court has repeatedly held that individual personal liability does not exist under ADEA, as the supervisors are not liable as opposed to the employer entity. *Cardona Román v. Univ. of Puerto Rico*, 799 F.Supp.2d 120, 128 (D.P.R.2011); *see also Fantini v. Salem State College*, 557 F.3d 22, 28–32 (1st Cir.2009) (No individual liability was found under Title VII of the Civil Rights Act of 1964 ("Title VII"), as the definition of "employer" has been previously found to be analogous to the definition of 'employer' in ADEA). Accordingly, defendants' *Motion for Summary Judgment*, Docket No. 51, is granted, as to plaintiffs' ADEA claim against Prof. Borrageros and Prof. Marte, and it is dismissed with prejudice.

## Retaliation Claim

■ In the absence of direct proof, a plaintiff who seeks to prove retaliation must establish a prima facie case that: (1) he or she was engaged in protected conduct; (2) they suffered an adverse employment action; and (3) there was a causal connection between the protected conduct and the adverse action. *Bennett v. Saint–Gobain Corp.*, 507 F.3d 23, 32 (1st Cir. 2007). Plaintiff fails to establish a prima facie case for retaliation, as though engaged in protected conduct by filing complaints regarding age discrimination to his supervisors and by filing charges with the EEOC, he continued to be employed by PUPR, receiving full salary and benefits until his death. Further, the conduct of the defendants occurred prior to the defendants' filing of any complaint. On March 11, 2010, Arencibia Llanes was advised to mitigate and attend the students claims, as to the lost examinations and the lost experiments having to be reproduced, and, further to terminate the Laboratory Manual for the Course of Computer Tools Laboratory for Civil Engineering. Arencibia Llanes was also relieved with pay from the classroom, *see* Docket No. 54–3. The EEOC complaint was filed on May 17, 2010, *see* Docket No. 54–4, after the students have filed their complaints on March 20, 2010. Hence, the students complaints pre-dated the EEOC complaint.

Even if PUPR's actions constituted an adverse action, Plaintiff failed to establish a causal connection between the protected conduct and the adverse action by the employer. It has been established that in order to defeat summary judgment in a retaliation case, "a plaintiff must point to *some* evidence of retaliation by a pertinent decision maker." *Sánchez–Rodríguez v. AT & T Mobility P.R., Inc.*, 673 F.3d 1, 15 (1st Cir.2012) However, all we are provid-ed by the plaintiff is pure conjecture, with nary a scintilla of proof.

## Derivative Claims

Relatives of victims of discrimination in employment may have cause of action for damages pursuant to Puerto Rico's generic tort statute Article 1802, 31 L.P.R.A. § 5141. *González Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 318 (1st Cir.2009) (citing *Santini Rivera v. Serv. Air, Inc.*, 137 D.P.R. 1, 14 (1994)). This statutes provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." *Pagán–Colón v. Walgreens of San Patricio, Inc.*, 697 F.3d 1, 15–16 (1st Cir.2012).

■ Arencibia–Llanes' children, life partner and sister's claim under Article 1802, 31 L.P.R.A. § 5141, are derivative of the principal plaintiff's claim, as their success hinges on that of the principal plaintiff, "if the principal plaintiff's claim fails, so too does the relative's derivative claim." *González Figueroa*, 568 F.3d at 320 (citing *Maldonado Rodríguez v. Banco Central Corp.*, 138 D.P.R. 268, 276, 1995 WL 905733 (P.R.1995)). Given these facts, the Court must dismiss with prejudice all derivative claims under ADEA. All derivative claims under state law are dismissed without prejudice.

## Claims under State Law

■ Plaintiffs have sought to address causes of action under Puerto Rico's Public Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.* ("Law 100"), as amended, Public Law Number 80 of May 30, 1976, 29 L.P.R.A. § 501 *et seq.* ("Law 80"), as amended, Public Law Number 115 of December 20, 1991, 29 L.P.R.A. § 194 *et seq.* ("Law 115"), as amended.

The Court's exercise of supplemental jurisdiction in a case in which there is no

cause of action under a federal statute is discretionary. *See* 28 U.S.C. § 1367(a). The Court may dismiss the State actions without prejudice should the federal causes of action be dismissed. *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1176 (1st Cir.1995). Given that no actionable cause was found under ADEA, the Court shall not exercise supplemental jurisdiction in the instant case, therefore, the state claims may be dismissed without prejudice.

### Conclusion

For the reasons stated above, the defendant's *Motion for Summary Judgment,* Docket No. 51, is granted; (b) all federal claims under ADEA, are dismissed with prejudice; and, (c) all state law claims are dismissed without prejudice.

IT IS SO ORDERED.